IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, § <br> MARIO HERRERA, and MARYAM § <br> HOSSEINY on behalf of themselves and all § <br> others similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> BLOCKBUSTER INC. § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:08-cv-00155 |

## JOINT CONFERENCE REPORT

In accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's Order to Conduct Rule 26(f) Conference, Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny ("Plaintiffs") and Defendant Blockbuster Inc. ("Defendant") respectfully submit the following Joint Conference Report.

**1.  A factual and legal description of the case which also sets forth the elements of each cause of action and each defense;**

Plaintiffs' claims arise from their use of Blockbuster's website and their participation in Blockbuster Online, which is an Internet subscription service through which customers can rent and purchase DVDs. Plaintiffs' claims also relate to their accounts with Facebook. Facebook is a social networking website that allows users (like Plaintiffs) to communicate with friends, upload photographs, join networks, and operate a variety of user applications. With a Facebook account, Facebook users have control over how they share their own information and who can see it. All of the Plaintiffs maintain Facebook accounts. They assert in this lawsuit that Defendant violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by disclosing "personally identifiable information" (including their own) to Facebook and to others.

1

Defendant disputes these allegations. Defendant maintains that, among other things, the disclosures of which Plaintiffs complain are actually made to the consumers through their Facebook account. According to Defendant, nothing in the VPPA prohibits Defendant from communicating with its members through Facebook, and Defendant cannot be liable for its members' decisions to further share information with their Facebook friends.

Plaintiffs dispute Defendant's characterizaion of how and to whom this communication occurs. In fact, Plaintiffs maintain that the alleged illegal disclosures are made directly to Facebook, a third party without legal authorization to receive said communications.

Plaintiffs bring one cause of action, under the VPPA, 18 U.S.C. § 2710(b). Plaintiffs plead that Defendant: (1) is a "Videotape Service Provider, (2) acted knowingly, and (3) disclosed "personally identifiable information" in violation of the VPPA, without the express, written consent of the consumer obtained at the time of said illegal disclosure. Defendant denies these allegations and asserts defenses, including but not limited to: (1) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(A) because each alleged disclosure of information, if any, was made to the consumer, (2) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(E) because each alleged disclosure of information, if any, was made in the ordinary course of business, (3) Plaintiffs' claims are barred because the alleged disclosure, if any, did not contain personally identifiable information, and (4) Plaintiffs' claims are barred by the provisions of 18 U.S.C. § 2710(b)(2)(B) because each alleged disclosure of information, if any, was made with Plaintiff's consent.

2. **The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represented;**

The Rule 26(f) conference was held on July 8, 2008. Thomas M. Corea and Jeremy R. Wilson of The Corea Firm, PLLC attended on behalf of Plaintiffs. Mike Raiff and Frank Brame of Vinson & Elkins attended on behalf of Defendant.

3. **A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court;**

None.

4. **An agreed discovery/case management plan, if an agreement can be reached, (a sample Scheduling Order form is enclosed, and the parties are to submit a completed Scheduling Order with their joint conference report), which includes proposed deadlines for the following:**

<u>Plaintiff's proposal</u>

Defendant is seeking to postpone the entry of a scheduling order in this case on the basis of a purported arbitration agreement allegedly entered into between the parties. Plaintiffs contend, however, that this purported agreement is an invalid, unconscionable, and an unenforceable adhesion contract under applicable common law, various state's laws, and statutory constructions, for at least the following reasons: The purported agreement is what is known as a "click wrap" agreement, which means that Plaintiffs never actually signed nor were presented with any written agreement to sign, but rather agreed only generally (by checking a box on their computer screen) to Defendant's terms and conditions  Buried within those terms and conditions lay the purported arbitration agreement, which was not conspicuously disclosed to Plaintiffs. Furthermore, the alleged agreement purports to require Plaintiffs to proceed with individual arbitration, seeking to waive the use of any class proceeding to address Defendant's violations of any law. The purported agreement is also one-sided in its protections, flowing only to the benefit of Defendant. The purported arbitration agreement was also unsigned and

3

submitted to the Plaintiffs on a take it or leave it basis, by an entity with far superior bargaining power. For these reasons, which will be more fully set out in subsequent briefing of this issue, Plaintiffs maintain that further delay should be avoided by entering a scheduling order now and allowing Defendant to seek arbitration within the context of that scheduling order. Thus, Plaintiffs ask the Court to enter the attached proposed scheduling order, Exhibit A, and to allow Defendant to move to compel arbitration.

Defendant's proposal.

Defendant believes that this case is subject to a binding arbitration agreement and should proceed in an individual arbitration. Accordingly, Defendant will be filing a motion to compel individual arbitration. Because the parties agreed to individually arbitrate this matter rather than proceed in federal court, Blockbuster believes it is premature and inappropriate to proceed with discovery. In addition, Defendant has filed a motion to transfer venue to the Northern District of Texas because all parties reside in the Dallas Division of the Northern District.

In light of the arbitration agreement and the pending motion to transfer venue, Defendant respectfully requests that the Court address the threshold arbitration and venue issues before entering a scheduling order. As courts have recognized, the benefits of arbitration are eroded and sometimes lost if the parties are forced to proceed in a judicial forum during the pendency of a motion to compel arbitration. That is particularly true where, as here, the enforcement of Blockbuster's individual arbitration agreement affects not only the forum of the dispute (arbitration versus court) but also the form of it (individual versus potential class proceedings). If the motion to compel arbitration is granted, the case should proceed in arbitration and no case management plan or scheduling order will be required in this judicial proceeding. Defendant

4

respectfully proposes that if the motion is denied, the parties should submit a joint case management plan within 30 days after the Court's ruling on the arbitration motion.

Alternatively, Defendant proposes that the Court enter the Scheduling Order attached as Exhibit A.

**5. A suggested date for the final pre-trial conference (see enclosed list of the court's available dates) at which time the trial will be scheduled;**

October 5, 2009.

**6. The expected length of trial;**

10-15 trial days.

**7. Whether the parties jointly agree to trial before a magistrate judge;**

No.

**8. Whether a jury demand has been made; and**

Plaintiffs have demanded a jury trial.

**9. Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

No.

| /s/Jeremy Wilson w/ permission | /s/ Michael Raiff / |
|---|---|
| Thomas M. Corea | Michael L. Raiff |
|    State Bar No. 24037906 |    State Bar No. 00784803 |
| Jeremy Reade Wilson | Frank C. Brame |
|    State Bar No. 24037722 |    State Bar No. 24031874 |
| Preston J. Dugas III | VINSON & ELKINS L.L.P. |
|    State Bar No. 24050189 | Trammell Crow Center |
| THE COREA FIRM, PLLC | 2001 Ross Avenue, Suite 3700 |
| 325 North St. Paul, Suite 4150 | Dallas, TX 75201-2975 |
| Dallas, TX 75201 | Telephone: 214.220.7700 |
| Telephone: 214.953.3900 | Facsimile: 214.220.7716 |
| Facsimile: 214.953.3901 | |
| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANT* |

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Joint Conference Report was served by ECF on the 30th day of July, 2008 on counsel of record for Plaintiffs.

                                        /s/ Frank C. Brame
                                        Frank C. Brame

Dallas 1402791v.1

IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
                              MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, § <br> MARIO HERRERA, and MARYAM § <br> HOSSEINY on behalf of themselves and all § <br> others similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> BLOCKBUSTER INC. § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:08-cv-00155 |

## PROPOSED SCHEDULING ORDER

After reviewing the report from the parties required by FED. R. CIV. P. 26(f), the court hereby enters the following Scheduling Order pursuant to this court's Local Rule CV-16 and FED. R. CIV. P. 16:

(1) Other parties shall be joined by [**PLAINTIFFS' PROPOSAL: March 1, 2009. DEFENDANT'S PROPOSAL: September 15, 2008.**] (A motion for leave to add parties is not necessary provided parties are added by this date, otherwise, leave of court is required. The date to add parties should be at least 60 days before the deadline for filing motions listed in (3) below.) The parties shall make disclosures pursuant to FED R. CIV. P. 26(a)(1) by **August 22, 2008.**

(2) Amended pleadings shall be filed by [**PLAINTIFFS' PROPOSAL: March 1, 2009. DEFENDANT'S PROPOSAL: September 15, 2008.**]. (A motion for leave to amend is not necessary if filed before this date; however, this date should be at least 30 days before the deadline for filing motions listed in (3) below.)

(3) All motions to transfer, motions to remand, motions to dismiss, motions for summary judgment, or other dispositive motions, and *Daubert* motions shall be filed by **August 3, 2009.** (In order for the court to make a ruling on these motions before the final pre-trial conference , this date should be at least 60 days before the final pre-trial conference.). Motions for class certification shall be filed by **August 3, 2009.**

(4) Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) shall be made by the plaintiff by **March 2, 2009**, and by the defendant by **April 16, 2009**. Thereafter, each party shall have until **August 3,**

**2009,** to object to any other party's expert witnesses. Such objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all of the information necessary to make a ruling on any objection.

(5) Pre-trial disclosure pursuant to Fed. R. Civ. P. 26(a)(3) shall be made by the plaintiff by **August 3, 2009**, and by the defendant by **August 21, 2009.** Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

(6) All discovery shall be commenced in time to be completed by **July 2, 2009.** (This date should be a date at least 90 days before the final pre-trial conference (10).)

(7) This case shall be mediated by **August 3, 2009**. If the parties agree on a mediator, they shall so notify the court in writing of the name, address, and telephone number of the mediator by **July 2, 2009.** Otherwise, the court will select a mediator.

(8) A Joint Final Pretrial Order prepared in accordance with Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or proposed Findings of Fact and Conclusions of Law in non-jury cases) shall be delivered by the plaintiff to the court by **September 18, 2009.** (This date should be a date at least 10 days before the final pre-trial conference.) In order to enable the plaintiff to prepare and deliver the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or proposed Findings of Fact and Conclusions of Law in non-jury cases) to the court, and to enable the defendants and any third-parties to participate in the preparation of such documents, the plaintiff shall provide the plaintiff's share of the necessary information to all other parties by **September 1, 2009.** Thereafter, all defendants and third-parties shall provide their share of the information to plaintiff by **September 14, 2009.**

(9) Any motions in limine shall be filed by **September 18, 2009**. (This date should be at least 10 days prior to the final pre-trial conference date (10).)

(10) This case is set for a final pre-trial conference on **October 5, 2009**. (Select a date from the enclosed list of final pre-trial conference dates.)

**OTHER LIMITATIONS**. All depositions to be read into evidence or shown in court as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious,

and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence or shown in open court. Parties are strongly encouraged to limit total deposition time to no more than one hour per deposition to be read or shown in court.

Dallas 1437555v.1