

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, et al., | § |
| | § |
| Plaintiffs, | § |
| | § 3-09CV0217-M |
| vs. | § CIVIL ACTION NO. 2:08-CV-155 (DF) |
| | § |
| BLOCKBUSTER INC., | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court is Defendant's Amended Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Dkt. No. 27. Also before the Court are Plaintiffs' response and Defendant's reply. Dkt. Nos. 28 & 29. Having considered all relevant papers and pleadings, the Court finds that Defendant's motion should be **GRANTED**.

### I. BACKGROUND

Plaintiffs, residents of Dallas County, bring this class action alleging that Blockbuster Inc. violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by disclosing their personal information to the social networking site Facebook. Amended Complaint, Dkt. No. 5. Defendant Blockbuster Inc., and affiliated Blockbuster Online, has its nationwide headquarters and corporate offices in Dallas as well. Dkt. No. 27 at 4-5. Defendant now moves, pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"), to transfer venue from the Marshall Division of Eastern District of Texas to the Dallas Division of the Northern District of Texas.

### II. LEGAL PRINCIPLES

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of

-1-

A TRUE COPY I CERTIFY
DAVID MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
By: _____

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404(a) presupposes that the action has been brought in a proper venue but authorizes its transfer to another proper district that is more suited to the convenience of witnesses and the needs of justice. The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particularized case. *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause" that transfer is appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Id.* at 312-13. After such a determination, the district court must then consider the convenience of the parties in both venues. *Id.* at 314-16; *see also Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.). A convenience determination is essentially a balancing of the inconveniences that will transpire as a result of the plaintiff's choice of venue.

This balancing of conveniences involves of examination of several private and public interest

factors, none of which has dispositive weight. *In re Volkswagen*, 545 F.3d at 315. The private factors address (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947)). The public convenience factors address (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in having the dispute decided locally, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Id.*

## III. DISCUSSION

The initial inquiry in resolving a motion to transfer venue under § 1404(a) is whether the district court to which the movant requests transfer is a district in which the case could have been initially filed. *In re Volkswagen*, 545 F.3d at 312-13. The parties do not contest that venue would have been proper had this case been brought in the Dallas Division of the Northern District of Texas because Blockbuster has its principal place of business therein. *See* Dkt. No. 28 at 2-3. The Court now moves to the second stage of the analysis, which considers the private and public interest factors restated in *In re Volkswagen*.

### A. Private Convenience Factors

#### 1. Availability of Sources of Proof

Defendant argues that nearly all of the relevant evidence and witnesses are located in the Northern District of Texas. Dkt. No. 27 at 8-9. Specifically, most of the documents, data, and computers relevant to this case are located in Dallas at the headquarters of Blockbuster Inc. and Blockbuster Online. *Id.* In addition, the three named plaintiffs in this putative class all reside in Dallas County. *Id.*

The Plaintiffs argue that in "this modern era of videotaped depositions, pdf files, e-mail, and computers, the accessibility and location of sources of proof has become decreasingly important." Dkt. No. 11 at 7. The Fifth Circuit, however, has recently rejected such reasoning and found that the physical location of proof still effects the relative convenience of parties to a lawsuit. *In re Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a less inconvenience now than it might have absent recent developments does not render this factor superfluous.").

Because all named parties reside in Dallas County and the Defendant's operations are headquartered in Dallas, this Court finds that the majority of the evidence in this case would be located there. Thus, this factor weighs in favor of transfer.

### 2. The Court's Ability to Secure Witnesses' Attendance

Neither party specifically identifies witnesses that would be outside this Court's subpoena power. At most, potential witnesses from Facebook, a company located in California, would have to travel to Texas. *See* Dkt. No. 28-29 at 6. Such witnesses, however, would be outside of the subpoena power of both the Northern and Eastern Districts of Texas. As a result, this factor is neutral.

### 3. The Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

Defendant argues its employees and witnesses reside in or near Dallas. Dkt. No. 27 at 10. In addition, the named plaintiffs also reside in Dallas. *Id.* The Fifth Circuit has repeatedly attached a 100-mile threshold to this factor: "When the distance between an existing venue for trial of a matter and the proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen*, 545 F.3d at 317 (citing *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004)). Recently, the

Circuit found it "apparent" that Dallas parties would find it more convenient to try a case in Dallas rather than travel the additional 155 miles to Marshall. *Id.* This Court sees no reason to distinguish the present case from *In re Volkswagen*.

Thus, this factor weighs in favor of transfer.

### 4. Other Factors Relevant in Conducting an Expeditious and Inexpensive Trial

This case, filed April 9, 2008, is still in its earliest stages. In addition, any delay and prejudice associated with transfer is only relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *In re Horseshoe*, 337 F.3d at 434. Finding no such circumstances, and given the fact the that the parties submit no other relevant factors for consideration, the Court finds this factor neutral.

## B. Public Interest Factors

### 1. Administrative Issues

The parties argue over the comparative congestion in the Northern and Eastern District of Texas. *See* Dkt. No. 27 at 13-14, Dkt. No. 18 at 11-12. This Court finds any such difference to be negligible. Therefore, the Court finds this factor neutral.

### 2. Burdens of Jury Duty and the Local Interest in Adjudicating Local Disputes

Defendant argues that this case has no meaningful connection to the Marshall Division. Dkt. No. 27 at 12-13. Although Blockbuster has stores located throughout the nation, the Defendant argues that the alleged conduct could only have occurred in at the company's headquarters in Dallas. *Id.* Defendant contends that the location of the witnesses and the parties give the Northern District of Texas a greater local interest in this case while the Eastern District has not particularized interest in the case. *Id.*

Plaintiffs respond by arguing that the alleged wrongful conduct occurred in California where Facebook is located rather than in Dallas. Dkt. No. 11 at 12. Moreover, Plaintiffs "strongly believe that through discovery it will become apparent that numerous individuals who reside in the Eastern District of Texas also use Blockbuster's services and have had their 'personally identifiable information' wrongfully disclosed to Facebook." *Id.* As such, Plaintiffs contend that Marshall residents are part of this putative class. *Id.* at 13.

The Fifth Circuit, however, has recognized that the relevant venue question in class action cases is "whether venue is proper as among the parties who have in fact been brought personally before the court as named parties to the action, the parties representing and in effect standing in for the absent class members." *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 489-90 (5th Cir. 2003); *see also Bywaters v. United States*, 196 F.R.D. 458, 464-65 (E.D.Tex. 2000) ("[T]he relevant venue question in a class action is whether venue is proper as to the parties representing, and 'in effect standing in for the absent class members.'"). Although the Circuit has not specifically addressed this issue in connection with § 1404(a), this Court finds no reason to apply a different rule to transfer motions. As such, this Court finds that Marshall has no presently cognizable interest in adjudicating this dispute because all three named plaintiffs reside elsewhere.

Therefore, this factor weighs in favor of transfer.

### 3. The Courts' Familiarity with the Controlling Law

The parties submit no reason why one district would have more familiarity with the controlling law in this case. Therefore, this factor is neutral.

### 4. Conflicts of Law

The parties submit no conflict of law issues and the Court finds none. Therefore, this factor

is neutral.

## IV. CONCLUSION

Defendant has clearly demonstrated that the Dallas Division of the Northern District of Texas is more convenient for this litigation. Every private and public factor is either neutral or weighs in favor of the transfer. None of the factors suggest that Marshall is a more convenient venue for this litigation.

For all of the foregoing reasons, Defendant's Motion to Transfer Venue (Dkt. No. 27) is hereby **GRANTED**.

It is therefore **ORDERED** that the above-captioned case is hereby **TRANSFERRED** to the Northern District of Texas, Dallas Division.

**IT IS SO ORDERED.**

**SIGNED this 30th day of December, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE