UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:09-cv-217-M |
| | § | |
| BLOCKBUSTER INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

This Opinion sets forth the grounds for the Court's denial of Defendant's Motion to Compel Individual Arbitration.

*Background*

This case arises out of alleged violations of the Video Privacy Protection Act by Defendant Blockbuster Inc. ("Blockbuster"). Blockbuster operates a service called Blockbuster Online, which allows customers to rent movies through the internet. Blockbuster entered into an agreement with Facebook ("the Blockbuster contract") which caused Blockbuster's customers' movie rental choices to be disseminated on the customers' Facebook accounts through Facebook's "Beacon" program. In short, when a customer rented a video from Blockbuster Online, the Beacon program would transmit the customer's choice to Facebook, which would then broadcast the choice to the customer's Facebook friends.

Plaintiff claims that this arrangement violated the Video Privacy Protection Act, 18 U.S.C. § 2710, which prohibits a videotape service provider from disclosing personally identifiable information about a customer unless given informed, written consent at the time the

1

disclosure is sought.  The Act provides for liquidated damages of $2,500 for each violation.

Blockbuster attempted to invoke an arbitration provision in its "Terms and Conditions," which includes a paragraph governing "Dispute Resolution" that states, in pertinent part: "[a]ll claims, disputes or controversies . . . will be referred to and determined by binding arbitration." It further purportedly waives the right of its users to commence any class action.  As a precondition to joining Blockbuster Online, customers were required to click on a box certifying that they had read and agreed to the Terms and Conditions.

On August 30, 2008, before the case was transferred to this Court, the Defendant moved to enforce the arbitration provision.  The Plaintiffs argued that the arbitration provision is unenforceable, principally for two reasons: (1) it is illusory; and (2) it is unconscionable. Because the Court concludes that the arbitration provision is illusory, the Court does not reach the unconscionability issue.

*Legal Standard*

In Texas, a contract must be supported by consideration, and if it is not, it is illusory and cannot be enforced.  In *Morrison v. Amway Corp.*, the Fifth Circuit analyzed a very similar arbitration provision to that in the subject Terms and Conditions and held it to be illusory.[1]  In *Morrison*, defendant, a seller of household products marketed through a chain of distributors, was sued by its distributors for a variety of torts, including racketeering and defamation.  The defendant sought to enforce an arbitration provision in which each distributor agreed:

> "[T]o conduct [his or her] business according to the Amway Code of Ethics and Rules of Conduct, as they are amended and published from time to time in official Amway literature . . . . I agree I will give notice in writing of any claim or dispute arising out of or relating to my Amway distributorship, or the Amway Sales and Marketing Plan or Rules of Conduct to the other party or parties . . . . I agree to submit any remaining claim or dispute arising out of or relating to any Amway distributorship, the Amway Sales and Marketing Plan, or the Amway Rules of

---

[1] 517 F.3d 248 (5th Cir. 2008).

> Conduct ... to binding arbitration in accordance with the Amway Arbitration rules, which are set forth in the Amway Business Compendium.[2]

The *Morrison* court held that the provision was illusory because "[t]here is no express exemption of the arbitration provisions from Amway's ability to unilaterally modify all rules, and the only express limitation on that unilateral right is published notice. While it is inferable that an amendment thus unilaterally made by Amway to the arbitration provision would not become effective until published, there is nothing to suggest that once published the amendment would be inapplicable to disputes arising, or arising out of events occurring, *before* such publication."[3]

The *Morrison* court distinguished *In re Halliburton Co.*, in which the Texas Supreme Court rejected an argument that an arbitration clause was illusory.[4] The provision in *Halliburton* specifically limited the defendant's ability to apply changes to the agreement as follows:

> [N]o amendment shall apply to a Dispute of which the Sponsor [Halliburton] had actual notice on the date of amendment . . . . termination [of the arbitration agreement] shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination.[5]

In *Morrison*, the Fifth Circuit held that the limitation on the ability to unilaterally modify or terminate the agreement in *Halliburton* is what caused the Texas Supreme Court to rule that it was enforceable.[6] Because the *Morrison* agreement contained no "*Halliburton* type savings clauses," which would "preclude application of such amendments to disputes which arose (or of which Amway had notice) before the amendment,"[7] the agreement in *Morrison* was illusory.

---

[2] *Id*. at 254.
[3] *Id*. (emphasis in original).
[4] 80 S.W.3d 566 (Tex. 2002).
[5] *Id*. at 569-70.
[6] 517 F.3d at 254-57.
[7] *Id*. at 257.

*Analysis*

The basis for the Plaintiffs' claim that the arbitration provision is illusory is that Blockbuster reserves the right to modify the Terms and Conditions, including the section that contains the arbitration provision, "at its sole discretion" and "at any time," and such modifications will be effective immediately upon being posted on the site. Under the heading "Changes to Terms and Conditions," the contract states:

> Blockbuster may at any time, and at its sole discretion, modify these Terms and Conditions of Use, including without limitation the Privacy Policy, with or without notice. Such modifications will be effective immediately upon posting. You agree to review these Terms and Conditions of Use periodically and your continued use of this Site following such modifications will indicate your acceptance of these modified Terms and Conditions of Use. If you do not agree to any modification of these Terms and Conditions of Use, you must immediately stop using this Site.

The Court concludes that the Blockbuster arbitration provision is illusory for the same reasons as that in *Morrison*. Here, as in *Morrison*, there is nothing in the Terms and Conditions that prevents Blockbuster from unilaterally changing any part of the contract other than providing that such changes will not take effect until posted on the website. There are likewise no "*Halliburton* type savings clauses," as there is "nothing to suggest that once published the amendment would be inapplicable to disputes arising, or arising out of events occurring, before such publication."[8] The Fifth Circuit in *Morrison* noted the lack of an "express exemption" of the ability to unilaterally modify all rules, which the Blockbuster agreement also does not contain.[9] The Blockbuster contract only states that modifications "will be effective immediately upon posting," and the natural reading of that clause does not limit application of the modifications to earlier disputes.

---

[8] *Id*. at 254.
[9] *See id*. at 255.

4

The Court addresses two differences between the Blockbuster contract and that in *Morrison*. Under Texas law, where, as here, an arbitration provision is incorporated within a larger contract, the benefits of the underlying contract can serve as consideration.[10] The *Morrison* contract was a stand-alone agreement, and as such required independent consideration. Second, in *Morrison*, the defendant was actually attempting to retroactively apply the arbitration agreement to events that had happened before it was in effect, and there is no such suggestion here.

Neither distinction affects this Court's determination that the Blockbuster contract is illusory. First, the Supreme Court has broadly held that challenges to a contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.[11] Defendant argues that because Plaintiffs challenge a provision that applies to the contract as a whole, the challenge must be heard by the arbitrator. The Court disagrees. Plaintiffs' challenge is to the arbitration provision, and therefore the challenge is properly before the Court.[12]

Second, the rule in *Morrison* applies to cases where there was no attempt to apply a contract modification to prior events. In *Simmons v. Quixtar, Inc.*, the court stated that "a close reading of the Fifth Circuit's opinion [in *Morrison*] is not predicated on that sole ground [of applying modification to earlier actions]. The Court's reasoning applies to the Rules of Conduct and Amway's (Quixtar's) ability to unilaterally change the rules of the game."[13] The court continued: "[t]he language of the Circuit's [*Morrison*] opinion . . . decided the issue on the basis

---

[10] *In re AdvancePCS Health, L.P.*, 172 S.W.3d 603, 607 (Tex. 2005).
[11] *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006).
[12] *See Morrison*, 517 F.3d at 255-58 (collecting authority); *J.M. Davidson Inc. v. Webster*, 128 S.W.3d 223 (Tex. 2003). *But see In re Merrill Lynch Trust Co.*, 235 S.W.3d 185, 190 (Tex. 2007) (holding that challenge to arbitration agreement as illusory was challenge to contract as a whole properly heard by arbitrators); *Sosa v. Parco Oilfield Services, Ltd.,* 2:05-CV-153, 2006 WL 2821882, at *4 (E.D. Tex. Sept. 27, 2006) (interpreting Texas law as providing that challenge to arbitration clause incorporated within a larger contract must go to arbitrator).
[13] No. 4:07cv389, 2008 WL 2714099, at *2 (E.D. Tex. July 9, 2008) (Schneider, J.) (adopting report and recommendations of Magistrate Judge Bush).

that the ability to change the rules at any time made the contract merely illusory." The Court agrees with that analysis and finds that the *Morrison* rule applies even when no retroactive modification has been attempted.

*Conclusion*

For these reasons, the Court concludes that the arbitration provision of the Blockbuster contract is illusory and unenforceable, and accordingly, Defendant's Motion to Compel Individual Arbitration is denied.

April 15, 2009.

_____<br>
BARBARA M. G. LYNN<br>
UNITED STATES DISTRICT JUDGE<br>
NORTHERN DISTRICT OF TEXAS