**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS, | § | |
| MARIO HERRERA, and MARYAM | § | |
| HOSSEINY on behalf of themselves and | § | |
| all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-217-M |
| | § | |
| BLOCKBUSTER INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING APPEAL AND BRIEF IN SUPPORT**

/s/ Michael L. Raiff
Michael L. Raiff
  State Bar No. 00784803
Frank C. Brame
  State Bar No. 24031874
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
214.220.7705
214.999.7705 (fax)
mraiff@velaw.com

*Attorneys for Defendant Blockbuster Inc.*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND ..................................................................................... 2

III.  ARGUMENT ............................................................................................................. 3

   A.    The Majority of Courts Have Determined that a Stay is Automatic ..................... 3

   B.    Even if a Stay is Not Automatic, the Discretionary Factors Dictate that this
         Case Should be Stayed Pending Appeal ............................................................. 4

      1.    Blockbuster Has Presented a Substantial Case on the Merits of its
            Appeal ........................................................................................................ 6

         (a)    The extent to which *Morrison* is distinguishable
                presents a serious legal question ................................................ 7

         (b)    Other courts have found this arbitration agreement,
                as well as similar agreements, valid and enforceable. ................ 10

         (c)    Conclusion ................................................................................. 11

      2.    Blockbuster Will Be Irreparably Injured Absent a Stay .......................... 12

      3.    Plaintiffs Will Not Be Substantially Harmed By a Stay .......................... 13

      4.    The Public Interest, Including the Federal Policy in Favor of
            Arbitration, Favors a Stay ....................................................................... 14

IV.   CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

Page

## Cases

*14 Penn Plaza LLC v. Pyett,*
--- U.S. ---, 2009 WL 838159 (April 1, 2009) ..................................................... 14

*Alascom, Inc. v. ITT North Electric Co.,*
727 F.2d 1419 (9th Cir. 1984) .................................................................. 12

*Alex Sheshunoff Mgm't Servs., L.P. v. Johnson,*
209 S.W.3d 644 (Tex. 2006) .................................................................... 9

*Alice L. v. Dusek,*
492 F.3d 563 (5th Cir. 2007) ................................................................ 3, 6

*American Cas. Co. v. L-J Incorporated,*
35 F.3d 133 (4th Cir. 1994) ..................................................................... 3

*Blinco v. Green Tree Servicing LLC,*
366 F.3d 1249 (11th Cir. 2004) ............................................................ 3, 4

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,*
128 F.3d 504 (7th Cir. 1997) ........................................................... passim

*Britton v. Co-op Banking Group,*
916 F.2d 1405 (9th Cir. 1990) .................................................................. 3

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Secs. Corp.,*
716 F. Supp. 307 (W.D. Tenn. 1989) ............................................ 6, 12, 13, 14

*Carter v. Countrywide Credit Indus., Inc.,*
362 F.3d 294 (5th Cir. 2004) ............................................................ 10, 11

*Cherokee Commc'ns, Inc. v. Skinny's, Inc.,*
893 S.W.2d 313 (Tex. App.—Eastland 1995, writ denied) ...................................... 9

*Complaint of Hornbeck Offshore Corp. v. Coastal Carriers Corp.,*
981 F.2d 752 (5th Cir. 1993) ............................................................. 3, 14

*Davis v. Dell, Inc.,*
No. 07-630 (RBK), 2007 WL 4623030 (D. N.J. Dec. 28, 2007) ............................... 10

*Edwards v. Blockbuster Inc.,*
400 F. Supp. 2d 1305 (E.D. Okla. 2005) ................................................... 10

*Ehleiter v. Grapetree Shores, Inc.,*
482 F.3d 207 (3d Cir. 2007) ................................................................... 3

*Griggs v. Provident Consumer Discount Co.,*
459 U.S. 56 (1982) ......................................................................... 3, 4

*Hilton v. Braunskill*,
   481 U.S. 770 (1987)...................................................................................................5

*Hunt v. Check Recovery Sys., Inc.*,
   Nos. C-05-4993-SBA, C-06-203-SBA, 2008 WL 2468473 (N.D. Cal. June 17, 2008).......4, 14

*Hutchings v. Slemons*,
   174 S.W.2d 487 (Tex. 1943) .....................................................................................9

*In re AdvancePCS Health L.P.*,
   172 S.W.3d 603 (Tex. 2005) ............................................................................8, 9, 10

*In re Dillard Dep't Stores, Inc.*,
   198 S.W.3d 778 (Tex. 2006) .....................................................................................8

*In re Enron Corp. Securities, Derivative & "Erisa" Litigation*,
   391 F. Supp. 2d 541 (S.D. Tex. 2005) ...................................................................4, 5

*Jones v. Deutsche Bank AG*,
   No. C-04-05357-JW, 2007 WL 1456041 (N.D. Cal. May 17, 2007) ...............................5, 12

*Lowden v. T-Mobile USA, Inc.*,
   No. C05-1482P, 2006 WL 1896678 (W.D. Wash. July 10, 2006) .....................................5

*Marino v. Dillard's, Inc.*,
   413 F.3d 530 (5th Cir. 2005) ....................................................................................6

*Marsh v. First USA, N.A.*,
   103 F. Supp. 2d 909 (N.D. Tex. 2000).......................................................................11

*McCauley v. Halliburton Energy Servs., Inc.*,
   413 F.3d 1158 (10th Cir. 2005) .................................................................................3

*Morrison v. Amway Corp.*,
   517 F.3d 248 (5th Cir. 2008) ...........................................................................7, 8, 9, 11

*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*,
   460 U.S. 1 (1983)...................................................................................................14

*Motorola Credit Corp. v. Uzan*,
   388 F.3d 39 (2d Cir. 2004) ......................................................................................3

*Pliska v. Rent-A-Center West, Inc.*,
   No. CV-05-1155-AS, 2006 WL 1030177 (D. Or. Mar. 31, 2006) .....................................5

*Reading & Bates Petroleum Co. v. Musslewhite*,
   14 F.3d 271 (5th Cir. 1994)......................................................................................5

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981) ..............................................................................5, 6, 7

*Simmons v. Quixtar, Inc.*,
   No. 4:07cv389, 2008 WL 2714099 (E.D. Tex. July 9, 2008) ..........................................7

*Steiner v. Apple Computer, Inc.*,
   No. C-07-04486-SBA, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008)..........................5, 7, 13

*Stern v. Cingular Wireless Corp.*,
   No. CV-05-8842-CAS, 2006 WL 2790243 (C.D. Cal. Sept. 11, 2006) ....................................5

*Strawn v. AFC Enters. Inc.*,
   240 F.3d 1074 (5th Cir. 2000) ..................................................................................6

*Trefny v. Bear Stearns Securities Corp.*,
   243 B.R. 300 (S.D. Tex. 1999)..........................................................................6, 12, 13

*United States v. Baylor Univ. Medical Center*,
   711 F.2d 38 (5th Cir. 1983) ..................................................................................5, 6

*Walker v. Countrywide Credit Indus., Inc.*,
   No. 3:03-CV-0684-N, 2004 WL 246406 (N.D. Tex. Jan. 15, 2004)....................................10

*Washington Area Transit Commission v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977).................................................................................7

## Statutes

9 U.S.C. § 16(a)(1)...........................................................................................3, 18

Video Privacy Protection Act,
   18 U.S.C. § 2710.................................................................................................2

## Rules

Rule 62(c) of the Federal Rules of Civil Procedure ....................................................6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CATHRYN ELAINE HARRIS, | § | |
| MARIO HERRERA, and MARYAM | § | |
| HOSSEINY on behalf of themselves and | § | |
| all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-217-M |
| | § | |
| BLOCKBUSTER INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS**
**PENDING APPEAL AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE BARBARA LYNN:

Defendant Blockbuster Inc. ("Blockbuster") hereby files this Motion to Stay Proceedings

Pending Appeal and Brief in Support (the "Motion"), and states as follows:

## I.    INTRODUCTION

In connection with its appeal of this Court's Order denying Blockbuster's Motion to

Compel Individual Arbitration, Blockbuster moves this Court to stay the district court

proceedings pending appeal.  The Supreme Court has recognized that the filing of an appeal

automatically divests the district court of jurisdiction over those aspects of the case involved in

the appeal.  Moreover, the majority of Courts of Appeals to consider the issue have held that a

stay of district court proceedings is ***automatic*** upon the filing of an interlocutory appeal from a

denial of a motion to compel arbitration.  As these courts have reasoned, relying on the strong

federal policy in favor of arbitration, if Blockbuster is compelled to litigate this matter while its

appeal is pending, it will be forever denied the most significant benefit of its agreement to

arbitrate—specifically, the right to have disputes resolved in a more efficient and economical

fashion than traditional litigation. In order to protect this right, the Federal Arbitration Act authorizes litigants to seek immediate appellate review of an order denying a motion to compel arbitration. If Blockbuster is forced to incur the expense of litigation before its appeal is heard, the appeal will be moot, and the Federal Arbitration Act's right to appeal would be meaningless. This concern is heightened in this case, as arbitration agreements such as this one have regularly been enforced. As discussed below, because Blockbuster's appeal (i) raises serious legal issues, (ii) Blockbuster will be irreparably harmed without a stay of this proceeding pending an appeal, (iii) Plaintiffs will not be substantially harmed by the granting of a stay, and (iv) both the public interest in conserving judicial resources and the federal policy in favor of arbitration weigh in favor of a stay, the balance of equities dictates that the district court proceedings should be stayed pending the appeal of this Court's Order denying Blockbuster's Motion to Compel Individual Arbitration.

## II.    FACTUAL BACKGROUND

Plaintiffs Cathryn Elaine Harris, Mario Herrera, and Maryam Hosseiny, registered users of Blockbuster's website and members of Blockbuster's online DVD subscription service ("Blockbuster Online"), brought this suit challenging a program that allows Blockbuster Online customers to share information with their friends through the social networking site, Facebook.com. Plaintiffs allege that this program violates the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. On July 30, 2008, Blockbuster filed a Motion to Compel Individual Arbitration, which this Court denied in an Order dated March 31, 2009. On April 15, 2009, this Court issued a Memorandum Opinion ("Memorandum Opinion"), setting forth the grounds for its denial of Blockbuster's Motion. Blockbuster filed a Notice of Appeal of this Court's Order to the United States Court of Appeals for the Fifth Circuit on April 22, 2009. Blockbuster now moves this Court to stay all proceedings in this action pending appeal.

### III.    ARGUMENT

The Federal Arbitration Act (the "Act") authorizes immediate appellate review of an order denying a motion to compel arbitration or refusing a stay of litigation pending arbitration. 9 U.S.C. § 16(a)(1); *see also Complaint of Hornbeck Offshore Corp. v. Coastal Carriers Corp.,* 981 F.2d 752, 754 (5th Cir. 1993); *American Cas. Co. v. L-J Incorporated,* 35 F.3d 133, 135 (4th Cir. 1994). Blockbuster has exercised its right to an immediate interlocutory appeal of this Court's Order denying its Motion to Compel Individual Arbitration by filing a Notice of Appeal [ECF Doc. #33].

### A.    The Majority of Courts Have Determined that a Stay is Automatic

Generally, the filing of an appeal automatically divests the district court of jurisdiction over those aspects of the case on appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam); *Alice L. v. Dusek,* 492 F.3d 563, 564 (5th Cir. 2007) ("A notice of appeal from an interlocutory order . . . divests the district court of jurisdiction over those aspects of the case on appeal."). Indeed, the majority of the Courts of Appeals to consider the issue have held that a stay of all district court proceedings is automatic upon the filing of a non-frivolous appeal from a denial of a motion to compel arbitration. *See Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 215 n.6 (3d Cir. 2007) (adopting the "majority rule of automatic divestiture"); *McCauley v. Halliburton Energy Servs., Inc.,* 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 507 (7th Cir. 1997).[1] As these courts have recognized, "it is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case

---

[1]    *But see Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 53-54 (2d Cir. 2004) (holding that the stay is within the discretion of the district courts); *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990) (same).

simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (quoting *Griggs*, 459 U.S. at 58); *see also Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (quoting *Griggs* and reasoning that "[b]y providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums"). The clear weight of authority suggests that courts should automatically stay district court proceedings pending an appeal from a denial of a motion to compel arbitration.

**B.    Even if a Stay is Not Automatic, the Discretionary Factors Dictate that this Case Should be Stayed Pending Appeal**

The Fifth Circuit has not directly addressed whether a stay pending appeal of an arbitration ruling is automatic or discretionary.[2] However, even in jurisdictions where a stay is discretionary, such as the Ninth Circuit, courts overwhelmingly find that a stay should be issued pending the appeal of a denial of a motion to compel arbitration. *See, e.g.*, *Hunt v. Check Recovery Sys., Inc.*, Nos. C-05-4993-SBA, C-06-203-SBA, 2008 WL 2468473 (N.D. Cal. June 17, 2008) (granting a stay and noting that "California district courts frequently issue stays in an action when there is a matter pending interlocutory appeal"); *Steiner v. Apple Computer, Inc.*, No. C-07-04486-SBA, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) (granting a stay and noting

---

[2]    At least one district court appeared to assume that a stay pending appeal of an arbitration ruling should be automatic, granting a stay as to those aspects of the case involved in the appeal without weighing the four discretionary factors. *See In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, 391 F. Supp. 2d 541, 586-87 (S.D. Tex. 2005).

that "almost every California district court to consider whether to stay a matter, pending appeal of an order denying a motion to compel arbitration, has issued a stay"); *Jones v. Deutsche Bank AG*, No. C-04-05357-JW, 2007 WL 1456041 (N.D. Cal. May 17, 2007) (granting a stay pending denial of a motion to compel arbitration); *Stern v. Cingular Wireless Corp.*, No. CV-05-8842-CAS, 2006 WL 2790243 (C.D. Cal. Sept. 11, 2006) (same); *Lowden v. T-Mobile USA, Inc.*, No. C05-1482P, 2006 WL 1896678 (W.D. Wash. July 10, 2006) (same); *Pliska v. Rent-A-Center West, Inc.*, No. CV-05-1155-AS, 2006 WL 1030177 (D. Or. Mar. 31, 2006) (granting stay without even considering whether the defendant was likely to succeed on appeal). Thus, whether the stay is considered "automatic" or "discretionary," the case law weighs strongly in favor of a stay pending appeal from an order denying a motion to compel arbitration.

In determining whether to grant a discretionary stay pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, a district court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). These factors are not to be applied in a "rigid, mechanical fashion." *Reading & Bates Petroleum Co. v. Musslewhite,* 14 F.3d 271, 272 (5th Cir. 1994); *United States v. Baylor Univ. Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983). Rather, these four factors are applied liberally, and Texas district courts regularly stay proceedings where, as here, a defendant is appealing the denial of a motion to compel arbitration. *See, e.g.*, *In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, 391 F. Supp. 2d 541, 586-87 (S.D. Tex. 2005) (following *Bradford-Scott* and

granting a stay (as to those aspects of the case involved in the appeal)[3] pending an appeal of the court's denial of a motion to compel arbitration); *Trefny v. Bear Stearns Securities Corp.*, 243 B.R. 300, 309-10 (S.D. Tex. 1999) (finding that the four factors weighed in favor of a stay pending the appeal of a denial of a motion to compel arbitration); *see also Marino v. Dillard's, Inc.*, 413 F.3d 530, 532 (5th Cir. 2005) (noting that the district court stayed all trial proceedings pending the appeal of its denial of a motion to compel arbitration); *Strawn v. AFC Enters. Inc.*, 240 F.3d 1074 (5th Cir. 2000) (not designated for publication) (same).

      1.     **Blockbuster Has Presented a Substantial Case on the Merits of its Appeal**

      The first factor is phrased as requiring an evaluation of "whether the movant has made a showing of likelihood of success on the merits." *Baylor*, 711 F.2d at 39. In this context, however, courts have made clear that this factor does ***not*** require the district court to conclude that its decision was error or find even a "probability of success" on the merits. Instead, the moving party need only present "a substantial case on the merits when a serious legal question is involved and show that the balance of the equities [*i.e.*, consideration of the other three factors] weighs heavily in favor of granting a stay." *Id.* (quoting *Ruiz*, 650 F.2d at 565). As one district court noted, "it is unlikely that a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal. To make such a finding, the district court would be saying that it erred in not granting defendant's original motion." *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn.

---

[3]      The Fifth Circuit, like the Seventh Circuit in *Bradford-Scott*, has recognized that a notice of appeal from an interlocutory order "only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). Plaintiffs do not dispute that their claims fall within the scope of the arbitration agreement. The only issue on appeal is whether that agreement is a valid one. Because all of Plaintiffs' claims are covered by the arbitration agreement, the appeal from the Court's denial of Blockbuster's Motion to Compel Individual Arbitration divests the district court of jurisdiction over the entire case. *Cf. Alice L.*, 492 F.3d at 564-65 (affirming the district court's decision not to issue a stay pending appeal with regard to those claims *not* subject to appeal (*i.e.*, those claims which were not argued to be covered by the defendant's qualified immunity defense)).

1989); *see also Washington Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (noting that a "court is not required to find that ultimate success by the movant is a mathematical probability, and indeed as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits"); *Steiner*, 2008 WL 1925197 (granting a stay despite finding that the defendant was "not likely to succeed on appeal"). Thus, the stay procedure of Rule 62(c) "affords interim relief where relative harm and the uncertainty of final disposition justify it." *Ruiz*, 650 F.2d at 565.

**(a)    The extent to which *Morrison* is distinguishable presents a serious legal question.**

It is undisputed that Plaintiffs' claims fall under the scope of the arbitration agreement at issue in this case. The only issue on appeal is whether the agreement to arbitrate is enforceable. In its Memorandum Opinion, the Court relied on the Fifth Circuit's decision in *Morrison v. Amway Corp.*, 517 F.3d 248 (5th Cir. 2008), for its holding that the arbitration provision at issue here is illusory and unenforceable. Blockbuster, however, believes that there are important differences between the facts at issue in this case and those at issue in *Morrison* that raise "serious legal questions" justifying a stay.

First, as the Court states, the defendant in *Morrison*—unlike Blockbuster here—was attempting to retroactively apply an arbitration agreement to events pre-dating the effective date of the arbitration agreement. (*See* Memorandum Opinion at 5.) *See Morrison*, 517 F.3d at 256. Although this Court (and at least one other court, *see Simmons v. Quixtar, Inc.*, No. 4:07cv389, 2008 WL 2714099 (E.D. Tex. July 9, 2008)) held that *Morrison* applies even where there is no attempt to apply a contract modification to prior events, that is by no means clear from the opinion in *Morrison*. In fact, in *Morrison*, the Fifth Circuit distinguished two recent Texas Supreme Court cases on the basis that the defendant in *Morrison* was seeking to enforce an

arbitration agreement with respect to a dispute that arose and matters that occurred before the arbitration agreement was in effect. *See Morrison*, 517 F.3d at 256 & n.10 (distinguishing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005), and *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 782 (Tex. 2006), on that basis).[4]

   In one case distinguished in *Morrison*, the Texas Supreme Court enforced an arbitration agreement contained within an at-will employment contract. *Dillard Dep't Stores, Inc.*, 198 S.W.3d at 782. Although the *Dillard* court acknowledged that the employer could amend the at-will employment contract at any time, it found that the arbitration agreement contained therein was not illusory because—under the law—changes to a contract will not affect a party who did not receive notice of the changes and accept them. *Id.*[5] The *Morrison* court distinguished *Dillard*, in large part, based on the fact that "the claims in question [in *Morrison*] arose prior to any arbitration provision or notice thereof," and the defendant was attempting to apply that modified agreement to the plaintiffs' claims. 517 F.3d at 256 n.10. In this case, it is undisputed that Blockbuster has not modified its Terms and Conditions since Plaintiffs became members of Blockbuster Online. (*See* Defendant's Reply in Support of its Motion to Compel Individual Arbitration ("Defendant's Reply") at 8 n.10.) The question of whether such changes would apply retroactively will depend on notice issues and the facts and circumstances surrounding any modifications. (*See id.* at 8.) These inquiries are irrelevant where, as here, the arbitration agreement at issue was in effect when the claims in question arose and where no modifications to the arbitration agreement have been made.

---

[4]    In distinguishing *AdvancePCS*, the *Morrison* court also noted that the *Morrison* plaintiffs were not suing on the basis of an agreement which contained an arbitration clause. 517 F.3d at 256.

[5]    The court noted that the defendant had drafted a revised employment contract subsequent to the plaintiff's acceptance of the original one, but because the defendant had not notified the plaintiff of the modifications, the court found that the defendant had not "unilaterally modified" the arbitration agreement and enforced the original agreement. *Dillard*, 198 S.W.3d at 782.

Second, this Court noted that the contract in *Morrison* was a stand-alone agreement and, as such, required independent consideration. (*See* Memorandum Opinion at 5.) Blockbuster believes this is a key distinction between this case and *Morrison* that should lead to a different result here. In contrast to *Morrison*, the arbitration provision at issue here is contained within a broader contract—Blockbuster's Terms and Conditions—which provides the consideration for the arbitration agreement. (*See* Defendant's Reply at 4 n.4.)

Moreover, as this Court noted, under Texas law, a promise—even if illusory—can serve as the basis for a valid contract if accepted by performance. *AdvancePCS*, 172 S.W.3d at 607; *see also Alex Sheshunoff Mgm't Servs., L.P. v. Johnson*, 209 S.W.3d 644 (Tex. 2006) (holding that an at-will employee's non-compete covenant becomes enforceable when the employer performs promises it made in exchange for that covenant). (*See* Defendant's Reply at 9 n.12.) The Texas Supreme Court relied on this doctrine in finding that an arbitration agreement was not rendered illusory by the defendant's ability to cancel the agreement at will, holding that "when an arbitration clause is part of an underlying contract, the rest of the parties' agreement provides the consideration." *AdvancePCS*, 172 S.W.3d at 607. The *AdvancePCS* court found that because the plaintiffs had used the defendant's "services and network" for ten years, they could not claim that their agreement to arbitrate was without consideration. *Id.*; *see also Cherokee Commc'ns, Inc. v. Skinny's, Inc.*, 893 S.W.2d 313, 316 (Tex. App.—Eastland 1995, writ denied) (holding that the defendant's power to terminate the agreement did not render the agreement illusory and unenforceable where "there has been even a part performance by the party seeking to enforce the [agreement], and in such part performance such party has rendered services or incurred expense contemplated by the parties at the time such contract was made") (quoting *Hutchings v. Slemons*, 174 S.W.2d 487, 489 (Tex. 1943)). Here, as in the cases cited above,

Blockbuster has provided at least "part performance" under the Terms and Conditions, conferring a benefit on Plaintiffs in the form of movie rentals and other services associated with the Blockbuster Online program. (*See* Amended Complaint ¶¶ 2-4.) This "benefit" constitutes sufficient consideration to render the entire agreement—including the arbitration provision— valid and enforceable, even if, as Plaintiffs claim, Blockbuster has the power to amend or terminate the agreement at any time.[6]

**(b)    Other courts have found this arbitration agreement, as well as similar agreements, valid and enforceable.**

Other federal courts have found *this exact* arbitration agreement, as well as similar arbitration agreements, valid and enforceable. *See, e.g., Edwards v. Blockbuster Inc.*, 400 F. Supp. 2d 1305 (E.D. Okla. 2005) (granting motion to compel individual arbitration, finding that the arbitration clause contained in Blockbuster's Terms and Conditions—the same clause at issue here—was valid and fully enforceable and that the customers' claims were within the scope of that agreement); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (enforcing arbitration agreement and holding that the agreement's alleged deprivations of substantive rights under a federal statute did not render it unenforceable, its forum selection clause was not unreasonable, and it was not procedurally unconscionable); *Davis v. Dell, Inc.*, No. 07-630 (RBK), 2007 WL 4623030, *4 (D. N.J. Dec. 28, 2007) (finding an arbitration clause and class-action waiver contained in a clickwrap agreement to be enforceable under Texas law); *Walker v. Countrywide Credit Indus., Inc.*, No. 3:03-CV-0684-N, 2004 WL 246406 (N.D. Tex. Jan. 15, 2004) (Godbey, J.) (granting motion to compel arbitration of claims brought under the

---

[6]    The *AdvancePCS* court made clear that these were two separate inquiries, holding that the arbitration agreement was not illusory because the rest of the underlying contract—including the defendant's part performance under that contract—provided the necessary consideration, and *separately* evaluating whether the arbitration agreement would be illusory if it were a stand-alone agreement. *See AdvancePCS*, 172 S.W.3d at 607.

Fair Labor Standards Act and rejecting argument that the arbitration agreement was unconscionable); *Marsh v. First USA, N.A.*, 103 F. Supp. 2d 909 (N.D. Tex. 2000) (Maloney, J.) (granting motion to compel arbitration and rejecting arguments that the agreement did not provide sufficient notice, was unconscionable and oppressive, and that the federal statute's remedial purpose would be frustrated by enforcement of class waiver, holding that "while the arbitration provision may have been presented in a take-it-or-leave-it manner, the Court cannot say that it is so lopsided in Defendant's favor as to be oppressive or prejudicial")).  In light of the fact that this agreement and other arbitration agreements are regularly enforced and in view of the Fifth Circuit's recognition that "individuals seeking to avoid the enforcement of an arbitration agreement face a high bar," *Carter*, 362 F.3d at 297, that fact that the arbitration agreement at issue here was not enforced presents, at the least, a "serious" legal question.

### (c)    Conclusion

The extent to which *Morrison* applies to cases where there is no attempt to apply a contract modification to prior events presents a serious legal question.  Moreover, Blockbuster has raised the separate argument that part performance under a contract containing an arbitration provision can provide the necessary consideration to render the arbitration provision enforceable—a fact not present in *Morrison*.  (*See* Defendant's Reply at 9 n.12.)  In light of the key distinctions between Blockbuster's Terms and Conditions and the contract at issue in *Morrison*, the fact that this agreement and similar arbitration agreements are regularly enforced, and in view of the strong federal policy in favor of arbitration, the Court's holding that the arbitration agreement at issue here is illusory and unenforceable presents, at the least, a "serious" legal question.  Because Blockbuster has presented "a substantial case on the merits," this first factor weighs strongly in favor of a stay.

## 2.    Blockbuster Will Be Irreparably Injured Absent a Stay

The second prong of the test also weighs in favor of a stay because Blockbuster will be irreparably injured if a stay is not granted. If the Fifth Circuit finds that arbitration is the proper forum for this dispute, this Court's and the parties' resources will have been needlessly expended on continuing preparations for trial. To force Blockbuster to litigate this matter while its appeal is pending is to deprive it forever of the most significant benefit of its agreement to arbitrate— specifically, the right to have disputes resolved in a more efficient and economical fashion than traditional litigation. *See Trefny*, 243 B.R. at 309 ("[Movant] will suffer irreparable injury absent a stay because it will be forced to participate in discovery under court order and its right to arbitrate the dispute will be jeopardized by such discovery."); *C.B.S. Employees*, 713 F. Supp. at 310 ("If the defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless."). As a Texas district court has recognized:

> "Arbitration clauses reflect the parties' preference for nonjudicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums . . . . The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."

*Trefny*, 243 B.R. at 309-10 (quoting *Bradford-Scott*, 128 F.3d at 506).

In jurisdictions where a stay is discretionary, courts have routinely recognized that "a party appealing a denial of a motion to compel arbitration will likely suffer irreparable harm absent a stay." *Jones*, 2007 WL 1456041 at *2 (citing cases); *see also Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (finding that failure to grant a stay has "serious, perhaps irreparable" consequences where a party must undergo the expense and delay of trial and lose forever the advantages of arbitration). The potential harm to defendants is even

greater where, as here, it is likely that the plaintiffs will seek class certification, as this drastically increases the costs and burdens typically associated with litigation. *See Steiner*, 2008 WL 1925197 at *5 (finding that the irreparable harm factor "strongly" favors a stay where the plaintiffs would seek class certification, "possibly leading to another interlocutory appeal, or alternatively, to expensive and burdensome notification and certification procedures"). Because Blockbuster will forever lose the benefits of its arbitration agreement if it is compelled to litigate this action pending resolution of its appeal, Blockbuster will be irreparably injured if a stay is not granted.

### 3. Plaintiffs Will Not Be Substantially Harmed By a Stay

The third prong of the test—whether granting the stay would substantially harm the other parties—also favors a stay. A stay of this action will have little detrimental effect on Plaintiffs.[7] The appeal of this matter is not likely to be lengthy. Such delay does not constitute a substantial injury sufficient to outweigh the factors favoring Blockbuster. *See C.B.S. Employees*, 716 F. Supp. at 310. Blockbuster has not sought to delay this proceeding, but has acted promptly in filing its Motion to Compel Individual Arbitration and Notice of Appeal. As in *Trefny*, there is no danger here "that documents are likely to be destroyed or lost; that individuals with critical information are ill, aged, or infirm; or that the time involved presents significant danger of lost or impaired evidence." 243 B.R. at 310. Accordingly, this factor also weighs in favor of a stay.

---

[7] Plaintiffs cannot claim that there is any possibility of "ongoing" harm in this case. Blockbuster's contract with Facebook for the Beacon program expired on November 20, 2008. Nothing in the VPPA prohibits Blockbuster from communicating with its Online members through Facebook, and Blockbuster is not liable for its members' decisions to further share information with their Facebook friends. However, to the extent Plaintiffs allege that they were harmed by Blockbuster's participation in the Beacon program, any alleged harm necessarily ended on or before November 20, 2008. Therefore, a stay of this action will not affect Plaintiffs.

4.   **The Public Interest, Including the Federal Policy in Favor of Arbitration, Favors a Stay**

The fourth factor, which considers the public interest, favors a stay of this proceeding as well.  As the Supreme Court has repeatedly emphasized, Congress, in enacting the Act, declared a strong national policy favoring arbitration.  *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983); *Hornbeck*, 981 F.2d at 755.  In a decision issued just this month, the United States Supreme Court reiterated this strong federal policy in favor of arbitration, holding that an agreement to arbitrate federal statutory claims must be honored unless the statute itself precludes arbitration.  *See 14 Penn Plaza LLC v. Pyett*, --- U.S. ---, 2009 WL 838159, at *8 (April 1, 2009).  This strong policy in favor of arbitration is particularly shown by the Act's authorization of an immediate appeal from an order denying a motion to compel arbitration.  *See* 9 U.S.C. § 16(a)(1).  As courts have recognized, this right to appeal would be "meaningless" if a defendant is forced to litigate a case while an appeal is pending.  *See C.B.S. Employees*, 713 F. Supp. at 310.  Further, the public interest in the efficient use of judicial resources would not be served by requiring the parties to litigate before this Court if the Court of Appeals ultimately determines that this is not the proper forum in which to resolve this dispute. *See Hunt*, 2008 WL 2468473 at *5 ("Granting a stay would avoid the parties and the Court wasting taxpayer resources on a litigation which might be mooted on appeal.").  Thus, the public interest is best served by permitting Blockbuster to appeal this Court's Order without the additional burden of simultaneously litigating the case in the district court.

## IV.   CONCLUSION

Whether the stay is considered to be automatic or discretionary, courts overwhelmingly stay district courts proceedings pending an appeal of an order denying a motion to compel arbitration.  A stay is warranted here because Blockbuster's appeal raises serious legal questions,

Blockbuster will be irreparably harmed without a stay of these proceedings, Plaintiffs will not be substantially harmed by the granting of a stay, and the public interest in conserving judicial resources and the federal policy in favor of arbitration weigh strongly in favor of a stay.  For the foregoing reasons, Blockbuster respectfully requests that the Court stay any further action in this case pending resolution of Blockbuster's appeal of the Court's Order denying Defendant's Motion to Compel Individual Arbitration.

Respectfully submitted,


/s/ Michael L. Raiff
Michael L. Raiff
  State Bar No. 00784803
Frank C. Brame
  State Bar No. 24031874
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
214.220.7705
214.999.7705 (fax)
mraiff@velaw.com

**Attorneys for Defendant Blockbuster Inc.**


<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that, in accordance with Local Rule 7.1(a), counsel for Blockbuster has complied with the meet and confer requirement contained therein and that Blockbuster's Motion to Stay Proceedings Pending Appeal is opposed.  I certify that on April 22, 2009, I personally conducted a telephone conference with Jeremy Wilson of the Corea Firm, counsel for Plaintiffs, about the issues raised in Blockbuster's Motion.  Plaintiff does not agree to the relief requested in this Motion.  The foregoing Motion is thus presented to the Court for determination.


/s/  Frank C. Brame
Frank C. Brame

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2009, I electronically filed the foregoing Defendant Blockbuster Inc.'s Motion to Stay Proceedings Pending Appeal and Brief in Support with the Clerk of the Court for the United States District Court, Northern District of Texas, using the ECF System of the Court.  The ECF System sent a "Notice of Electronic Filing" to the attorneys who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Michael L. Raiff
Michael L. Raiff

Dallas 1549402v.2