IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHRYN ELAINE HARRIS, MARIO HERRERA, and MARY AM HOSSEINY on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>BLOCKBUSTER, INC.<br>Defendant. | CAUSE NO. 3:09-cv-217<br><br>JUDGE: BARBARA LYNN |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE LYNN:

Plaintiffs in the above-referenced suit files their Response to Defendant's Motion to Stay Proceedings Pending Interlocutory Appeal and Brief in Support, and would respectfully show the Court as follows:

This Court recently denied Defendant Blockbuster, Inc.'s ("Defendant") Motion to Compel Individual Arbitration (doc. 31). On April 23, 2009, Defendant filed its Notice of Interlocutory Appeal and the current Motion to Stay Proceedings Pending Interlocutory Appeal (docs. 33 and 34). Clearly, Defendant is entitled to an Interlocutory Appeal of the Court's Order under the Federal Arbitration Act. The question is which issues are involved in that appeal and which should be stayed pending determination of that Appeal. Plaintiffs submit that this is a matter soundly within the discretion of the District Court, as the only issue involved in this appeal is the validity of the arbitration agreement itself. As such, this Court should apply the four discretionary factors traditionally utilized in determining whether a Stay of Proceedings should be granted. In applying these factors, Plaintiffs respectfully submit that while a trial on the merits and even continuing with

class certification might involve undue expenses to the parties, merits discovery would not as that discovery would need to take place whether this case is ultimately continued to conclusion in this Court, or is sent to arbitration. Plaintiffs address each of these issues below.

1. **This Court is Not Automatically "Divested of Jurisdiction to Proceed" While Defendants Pursue Their Interlocutory Appeal.**

Defendant is correct in noting that several United States Courts of Appeals have addressed this issue and have concluded that the District Court is divested of jurisdiction to proceed once a notice of interlocutory appeal is filed regarding a denial of arbitration. The United States Court of Appeals for the Fifth Circuit, however, has never ruled on this issue and both the Second Circuit and the Ninth Circuit have reached the exact opposite conclusions.

All Courts to address this issue start from the general proposition that the filing of an appeal automatically divests the district court of jurisdiction over those aspects of the case on appeal.[1] The division of opinion, however, centers on what exactly are the issues on appeal in an interlocutory appeal regarding the denial of motion to compel arbitration. The Ninth Circuit, discussing this issue, noted that "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.[2] Applying this rule, the Court held that "[s]ince the issue of arbitrability was the only substantive issue presented in this appeal, *the district court was not divested of jurisdiction to proceed with the case on the merits*.[3] The Court further noted that "[t]his is a proper

---

[1] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007)
[2] *Britton v. Co-op Banking Group* 916 F.2d 1405, 1412 (9th Cir. 1990)
[3] *See id.* (citing *Moses H. Cone Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 21, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983) (permitting concurrent litigation on issue of arbitrability, Court explained that dispute over arbitrability is easily severable from merits of underlying dispute) (emphasis added).

subject for the exercise of discretion by the trial court."[4] Similarly, the United States Court of Appeals framed this issue this way "[t]he issue, therefore, is whether the trial of a case on the merits is 'involved in' an appeal of an order denying arbitration[5]. . . . We now . . . explicitly adopt the Ninth Circuit's position that further district court proceedings in a case are not "involved in" the appeal of an order refusing arbitration, and that a district court therefore has jurisdiction to proceed with a case absent a stay from this Court [6]

Plaintiffs respectfully submit that the Ninth and Second Circuit's positions on this issue are correct and that whether to grant a stay (and the breadth of that stay) should be a matter soundly within the discretion of the trial court. The Circuit Court opinions supporting an automatic stay seem to rely mostly on supposed "underlying polices" of the Federal Arbitration Act. When one looks closely at the issue, however, it is clear that the only issue that will be decided in this appeal is whether the arbitration agreement at issue is valid. This determination will in no way address the merits of Plaintiffs' claims. Thus, according to the Ninth and Second Circuit Courts of Appeals, this Court has it within its discretion to proceed with the underlying lawsuit. Plaintiffs, however, are not proposing that this case proceed to trial, however, or even to class certification. Plaintiffs respectfully propose that allowing merits discovery would be warranted in this case.

2. **Application of the Four Discretionary Factors Does Not Warrant a Stay of Discovery in this Case.**

Although this Court has discretion as to whether to allow this case to proceed, numerous courts recognize the undesirable results of requiring a party to litigate to conclusion a dispute which might later be determined to fall within a valid arbitration clause. Furthermore, Plaintiffs are mindful of the large devotion of resources litigating the issue of class certification would require for

---

[4] *See id.*
[5] *Motorola Credit Corp. v. Uzan* 388 F.3d 39, 53-54 (2d Cir. 2004)
[6] *See id.* at 54.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS
Page 3

both parties. Plaintiffs submit that this is exactly the sort of factor that the Ninth and Second circuits contemplated when holding that this is a matter within the discretion of the trial court. Plaintiffs submit, however, that after evaluating all of the factors, merits discovery would be warranted in this case, as that discovery would not be a duplication of efforts. Any discovery conducted in this case could be used in either a subsequent arbitration or a subsequent litigation in this Court.

Defendants set forth four factors that the Court is to evaluate in determining whether a stay is warranted. Those are 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.

Defendants note that should they make out a substantial case on the merits and "show that the balance of the equities *weighs heavily* in favor of granting a stay," a stay should be granted.[7] Setting aside whether Defendants have made a substantial enough showing that they are likely to succeed on the merits,[8] Plaintiffs respectfully submit that Defendants have not shown that the other three factors weight *heavily* in their favor when evaluating whether merits discovery should proceed..

As to whether the applicant will be irreparably injured absent a stay, Plaintiffs submit that Defendants would not be irreparable injured if the Court were to allow merits discovery to proceed. Discovery of Plaintiffs underlying claims will have to take place, whether it is in this Court or in arbitration. In fact, conducting discovery in this Court may actually be less expensive for the parties because the parties are required to pay for an arbitrator's time. Thus, merits discovery

---

[7] *See* Defendant's Motion to Stay Proceedings Pending Appeal at 5 (citing *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981).

[8] Plaintiffs contend that for all of the reasons outlined in the Court's previous Order Denying Arbitration, as well as their briefing on this issue, that the arbitration agreement at issue is unenforceable.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

should not cause an undue duplication of efforts and expenses. The product of any discovery could be used in any subsequent arbitration proceedings should the Fifth Circuit ultimately find the arbitration clause is enforceable.

In addition, allowing merits discovery would help to alleviate any harm to Plaintiffs in postponing redress of their alleged injuries. Defendant contends that a stay of this action will have "little detrimental effect" on Plaintiffs as there is no "ongoing" harm because it has ended its association with Beacon. Yet if a stay of all proceedings is entered, Plaintiffs will not even have an opportunity to confirm this blanket factual assertion. An appeal of this case could take over a year to complete. After that time, Plaintiffs will be starting essentially from scratch regardless of how the Fifth Circuit rules. If merits discovery is allowed to proceed, this case will be ready for a court or an arbitrator to determine the substantial legal issues that lie at its heart.

Finally, the public interest will be best served by allowing fact discovery to proceed. Parties should have an opportunity to have their cases concluded in a reasonable amount of time. By postponing fact discovery, the result will be that this case takes years to litigate. There will be at least several months of discovery after this case returns from appeal, and possibly much longer. If the parties are allowed to proceed with merits discovery now, they will be much closer to resolution in whichever forum this case should proceed.

For the foregoing reasons, Plaintiffs respectfully request that this Court recognize that it is not automatically deprived of jurisdiction to proceed in the face of an interlocutory appeal involving the denial of a motion to compel arbitration. Instead, Plaintiffs respectfully request that, since the Fifth Circuit has yet to rule on this issue, the Court take this opportunity to follow the lead of the Ninth and Second Circuits and hold that the District Court has discretion to allow at least certain aspects of the case which are not "involved with" the appeal to proceed. In applying that discretion, Plaintiffs respectfully request that this Court allow merits discovery to proceed in this case.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

should not cause an undue duplication of efforts and expenses. The product of any discovery could be used in any subsequent arbitration proceedings should the Fifth Circuit ultimately find the arbitration clause is enforceable.

In addition, allowing merits discovery would help to alleviate any harm to Plaintiffs in postponing redress of their alleged injuries. Defendant contends that a stay of this action will have "little detrimental effect" on Plaintiffs as there is no "ongoing" harm because it has ended its association with Beacon. Yet if a stay of all proceedings is entered, Plaintiffs will not even have an opportunity to confirm this blanket factual assertion. An appeal of this case could take over a year to complete. After that time, Plaintiffs will be starting essentially from scratch regardless of how the Fifth Circuit rules. If merits discovery is allowed to proceed, this case will be ready for a court or an arbitrator to determine the substantial legal issues that lie at its heart.

Finally, the public interest will be best served by allowing fact discovery to proceed. Parties should have an opportunity to have their cases concluded in a reasonable amount of time. By postponing fact discovery, the result will be that this case takes years to litigate. There will be at least several months of discovery after this case returns from appeal, and possibly much longer. If the parties are allowed to proceed with merits discovery now, they will be much closer to resolution in whichever forum this case should proceed.

For the foregoing reasons, Plaintiffs respectfully request that this Court recognize that it is not automatically deprived of jurisdiction to proceed in the face of an interlocutory appeal involving the denial of a motion to compel arbitration. Instead, Plaintiffs respectfully request that, since the Fifth Circuit has yet to rule on this issue, the Court take this opportunity to follow the lead of the Ninth and Second Circuits and hold that the District Court has discretion to allow at least certain aspects of the case which are not "involved with" the appeal to proceed. In applying that discretion, Plaintiffs respectfully request that this Court allow merits discovery to proceed in this case.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**


/s/ Jeremy R. Wilson
Jeremy R. Wilson
State Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214) 953-3900
Facsimile: (214) 953-3901

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I certify that on April 27, 2009, I electronically filed the above Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Jeremy R. Wilson
Jeremy R. Wilson