# EXHIBIT 1

*E-Filed 10/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SEAN LANE, et al.,

        Plaintiffs,

v.

FACEBOOK, INC., et al,

        Defendants.

No. C 08-3845 RS

**ORDER DENYING MOTION FOR LEAVE TO INTERVENE**

## I. INTRODUCTION

This putative class action challenges the legality of the "Beacon program" operated by defendant Facebook, Inc. in conjunction with more than forty other entities, of which seven are also named as defendants here. Under that program, when members of Facebook's social network conduct certain transactions on the websites of participating companies, information regarding those transactions is then transmitted to Facebook for possible dissemination within the social network. Facebook and plaintiffs have reached a tentative settlement which would have the effect of releasing all claims against all the defendants herein arising out of the Beacon program.

Catherine Harris, Mario Herrera, and Maryam Hosseiny ("proposed intervenors") now seek leave to intervene in this action for certain limited purposes. Because the motion is not timely and because proposed intervenors have not demonstrated that intervention is necessary to protect their legitimate interests, the motion will be denied.

## II. BACKGROUND

Plaintiffs allege that in November of 2007, Facebook announced the institution of the Beacon program and stated that 44 other websites would be participating. Generally, under the program, if a member of Facebook visited one of the participating websites, it could then transmit information regarding the member's activities on the website to Facebook. In turn, Facebook could post the information on the member's Facebook "wall" and distribute it to the "newsfeeds" of the member's Facebook "friends." Thus, as one example, if a Facebook member rented a particular video from defendant Blockbuster, Inc.'s online website, that fact might be disclosed to all of that person's Facebook friends through the newsfeed feature.[1]

The complaint alleges six basic claims for relief: (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510; (2) violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710; (3) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750; (4) violation of the California Computer Crime Law, Cal. Penal Code § 502; (5) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and; (6) unjust enrichment.[2]

Proposed Intervenors are the named plaintiffs in a putative class action now pending in the Northern District of Texas, *Harris v. Blockbuster*, No. 3:09-cv-217. *Harris* also arises

---

[1] The actual scope of disclosure would depend on various account privacy settings employed by the Facebook member and that member's friends.

[2] Plaintiffs make additional averments against Facebook for aiding and abetting and conspiracy, to tie it to the statutory claims under which it would not otherwise be directly liable.

from the Beacon program, but alleges claims only under the VPPA and names Blockbuster as the sole defendant.[3] *Harris* predates this action by approximately four months.

Before this complaint was filed, plaintiffs' counsel held discussions with the *Harris* plaintiffs in which he disclosed that litigation was being considered and that a complaint likely would be filed within a month. Malley Decl. ¶ 3. This action was filed in August of 2008. Approximately one month later, plaintiffs' counsel advised the *Harris* plaintiffs of the filing. Malley Decl. ¶ 4.

In October of 2008, Facebook filed a motion to dismiss. The same day, the parties submitted a stipulation, subsequently approved by the Court, providing that all other defendants would have an open extension of time to respond to the complaint. In January of 2009, prior to the scheduled hearing on Facebook's motion to dismiss, the parties stipulated to take the motion off calendar.

On May 5, 2009, counsel for the *Harris* plaintiffs sent an email stating that he had "just heard" about this lawsuit and that "a settlement of the claims against Facebook is being finalized." Proposed Intervenors contend that their awareness not only of this lawsuit in 2008, but also of a pending settlement as early as May of 2009, is not tantamount to a recognition by them that any such settlement could affect their rights.

On September 18, 2009, Plaintiffs filed a motion for preliminary approval of a settlement agreement reached with Facebook in this action.[4] Although Blockbuster and the

---

[3] Concurrently with the bringing of this motion, Proposed Intervenors have filed a new lawsuit in Texas against Facebook, which they represent they will seek to have consolidated with *Harris*.

[4] The motion was set for hearing on less than the 35 days notice required under the Civil Local Rules. Better practice would have been to submit a stipulation under Rule 6-2, given that the parties were apparently in agreement that the matter could be heard on shortened time. That said, because the Court would have acted on a stipulation or motion to shorten time without knowing of any interested third parties, Proposed Intervenors have little basis to object that less than ordinary notice was given. More importantly, Proposed Intervenors were not actually unduly prejudiced by the shortened notice, as they were able to appear and be heard on their motion for leave to intervene concurrently with the hearing on the motion for preliminary approval of the settlement.

other defendants are not parties to the settlement agreement, they are included in a release as to all claims arising from operation of the Beacon program during the class period. The agreement also requires Facebook to terminate the Beacon program entirely within 60 days of the Court's preliminary approval of the settlement.

On October 2, 2009, Proposed Intervenors filed the present motion. Four days later, Proposed Intervenors sought an order shortening time or alternate relief that would permit this motion to be heard and decided prior to any decision on preliminary approval of the settlement agreement. Based on Facebook's representation that it could and would file substantive opposition to this motion on very short notice, the Court entered an order shortening time and providing that this motion and the motion for preliminary approval would be heard concurrently. At the hearing, the Court took up this motion first, and permitted Proposed Intervenors to be heard.

### III. LEGAL STANDARDS

In the Ninth Circuit, there are four requirements for intervention as of right under Fed.R.Civ.P. 24(a)(2): (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit. *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir.1996). Alternatively, a court may grant permissive intervention under Rule 24(b) if there is an independent ground for jurisdiction, the motion to intervene is timely, and a common question of law or fact exists. *Southern Calif. Edison Co. v. Lynch,* 307 F.3d 794, 803 (9th Cir.2002). Even if the threshold requirements for permissive intervention are met, a court has discretion to deny permissive intervention. *Id.*

Case 3:09-cv-00217-M   Document 46-2   Filed 11/02/09   Page 6 of 12   PageID 445
Case5:08-cv-03845-RS   Document66   Filed10/23/09   Page5 of 12

IV. DISCUSSION

A. <u>Timeliness</u>

The Proposed Intervenors contend their motion is timely because it was filed within two weeks of the filing of the motion for preliminary approval of the settlement, which Proposed Intervenors contend was the first notice they had "that the parties in this action sought to impede their rights to proceed in the Texas Litigation." Proposed Intervenors further contend that until they saw the actual settlement agreement, they did not realize that "Facebook was attempting to indemnify Blockbuster for its violation of the VPPA."[5]

The record establishes that Proposed Intervenors have been aware of the existence of this action since no later than September of 2008, and of a pending settlement since at least early May of 2009. The central relief Proposed Intervenors purport to be seeking through intervention is an order compelling the filing of a Notice of Pendency of Other Action or Proceeding under Civil Local Rule 3-13, with the ultimate goal of transferring this action to Texas under the "first-filed" rule.[6] Whatever rights or interests Proposed Intervenors may

---

[5] Proposed Intervenors raise suggestions of an illicit agreement between Facebook and Blockbuster to circumvent restrictions on indemnity between joint tortfeasors and to permit Blockbuster to take inconsistent positions on the enforceability of arbitration provisions in its agreements with its customers. The evidence before the Court is that Facebook negotiated the settlement with plaintiffs solely without any input or assistance from Blockbuster or any other defendant. An entirely innocent explanation for the fact that the release extends to all defendants is that it would do Facebook little good to settle this dispute with plaintiffs while remaining at risk of being brought back into the litigation when plaintiffs then pursued claims against the remaining defendants. Proposed Intervenors have introduced no evidence that would support an inference or finding of any impropriety. If Proposed Intervenors are contending that the *effect* of the release is to create an indemnification that contravenes public policy notwithstanding the absence of any actual improper agreement between defendants, to the extent they are putative class members they remain free to raise that argument as an objection to final approval of the settlement agreement.

[6] It is not entirely clear how Proposed Intervenors envision that a transfer would proceed. They make reference to Multi District Litigation Procedures under 28 U.S.C. § 1407 (which would require a motion made to, and action by, the judicial panel on multidistrict litigation), they suggest that this Court could directly order the transfer, and finally, they allude to the prospect that the Texas Court would ultimately decide whether the action should proceed in that forum or this one.

5
No. C 08-3845 RS
ORDER DENYING MOTION FOR LEAVE TO INTERVENE

have had in enforcing a first-filed rule, those rights and interests (if any) necessarily arose the moment this action was filed, and were known or should have been known to Proposed Intervenors when they learned of the very *existence* of this lawsuit. Proposed Intervenors contend it is the specific terms of the settlement that threaten to impair their rights, but the motion is based on alleged rights that were impaired, if at all, when no Notice of Pendency of Other Action was filed at the outset of this litigation and when this action proceeded without entry of a stay or a transfer order that would give force to the first-filed rule.[7]

Additionally, even to the extent that it could be said the terms of the settlement rather than the non-enforcement of the first-filed rule purportedly impaired Proposed Intervenors' rights, their claim is unavailing. When Proposed Intervenors learned that "a settlement of the claims against Facebook [was] being finalized," they surely were on notice that it presumptively could have a significant impact on the claims of the putative class members in *Harris*. Although Facebook had not then been named as a defendant in Texas, Proposed Intervenors knew that Blockbuster was named as a defendant here, and that the same alleged wrongful acts, as well as the VPPA, were all at issue. It would have been wholly unfounded to assume that a settlement agreement here would somehow carve out the subject matter of *Harris*.

Under all these circumstances, the motion to intervene cannot be considered timely. Moreover, the parties have shown that the delay in bringing the motion has caused actual and substantial prejudice to them, including the time and money expended in continuing to negotiate and finalize the settlement agreement after the date in early May of 2009 when

---

[7] Proposed Intervenors cite *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949 (N.D. Cal 2008) and additional authorities for the proposition that when the existence of an earlier-filed case "is promptly brought to the attention" of the court, the later-filed action ordinarily should be transferred, dismissed, or stayed. If Proposed Intervenors are correct that this rule was implicated in this case, then they have no excuse for not seeking to intervene as soon as they became aware of this action and of the fact that no party had sought to enforce the first-filed rule or had even filed a Notice of Pendency of Other Action.

Proposed Intervenors indisputably became aware a settlement was pending.[8] Accordingly, the motion for leave to intervene would be denied as untimely even if it otherwise had merit.

### B. Proposed Intervenors' asserted interests

To have a right to intervene under Rule 24(a), the proposed intervenor must demonstrate a "significantly protectable" interest that will not be adequately protected absent intervention. *Nw. Forest Res. Council v. Glickman, supra,* 82 F.3d at 836. Here, Proposed Intervenors articulate the interests they seek to protect, and the specific relief they seek, in several different ways. Each will be addressed in turn.

#### 1. Notice of Pendency of Other Action

Proposed Intervenors' threshold contention is that the parties were obligated by Civil Local Rule 3-13 to file a Notice of Pendency of Other Action, alerting the Court to the existence of the earlier-filed *Harris* case.[9] The parties explain that they did not feel obligated to file a notice under Rule 3-13 given the differences in scope between the two actions, both as to the number of parties and the number of claims. The language of Rule 3-13 does not support that position. The Rule requires notice when the case pending in this district "involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court." Because the *Harris* case is essentially a subset of this action, with respect to both claims and parties, this case does involve essentially all the same subject matter and all the same parties as

---

[8] As reflected above, Proposed Intervenors were on notice that any rights they had under the first-filed rule were being impaired far earlier than that, meaning that virtually *all* of the activities engaged in by the parties in this litigation took place after the time Proposed Intervenors should have acted to preserve any rights they may have enjoyed.

[9] Some of the briefing for this motion also discussed Civil Local Rule 3-12. That rule applies where two or more potentially related cases have been filed in this district, and therefore is not controlling in these circumstances.

United States District Court
For the Northern District of California

*Harris.* The fact that this case involves *additional* claims and parties does not take it out of the plain language of the rule.[10]

That said, there is no basis to permit intervention for the stated purpose of compelling the filing of a Rule 3-13 notice now. The record in this action already contains far more detail regarding the existence of the *Harris* action and its relationship to this case than a Rule 3-13 notice would contain, such that filing one now would be an idle act.

Proposed Intervenors appear to be assuming that the filing of an actual 3-13 notice would trigger some sort of mandatory process that likely would lead to other or further consequences. The Rule, however, provides only that after the time for any response to a notice has passed, the Court "may make appropriate orders." Rule 3-13(d). Having been fully advised of the status of both this proceeding and the *Harris* action, and the relationship between them, the Court is satisfied that no further orders in response to a Rule 3-13 notice would have been, or would now be, appropriate.

### 2. Consideration of the Preliminary Approval Motion

The motion for leave to intervene also requests the Court to defer decision on the motion for preliminary approval of the settlement agreement until it gives due consideration to the relationship between this case and *Harris*, and that Proposed Intervenors be permitted to appear at the October 14, 2009 hearing "to alert the Court of the pendency of this issue and to discuss its impact on Plaintiff's Motion [for Preliminary Approval]." By virtue of the Court's order shortening time, Proposed Intervenors have had a full opportunity to present their written and oral arguments and therefore have already obtained the essence of the relief they request.[11]

---

[10] Were the circumstances reversed such that this case were only a subset of *Harris*, application of the rule would be less certain, although it is not obvious that there would be a good policy reason to treat the situation differently. What the parties' obligations would be in such a circumstance is not before the Court.

[11] Both in their papers and at the hearing, Proposed Intervenors suggested that the Court should set a schedule for "full briefing" of the issues raised in their motion. Although prepared on shortened time, the briefing provided by all involved was thorough, and well-

8

### 3. Objections to Preliminary Approval of the Settlement

Proposed Intervenors contend that they should be permitted to intervene to advance the argument that the terms of the proposed settlement are contrary to public policy and are unfair, inadequate, and unreasonable. Proposed Intervenors, however, have failed to establish that their rights to raise these issues are not adequately protected through the process for submitting objections that will follow upon preliminary approval of the settlement agreement.

Proposed Intervenors further contend that they should be permitted to intervene as their objections extend to opposing *preliminary* approval of the settlement agreement and to conditional certification of the class. They have, however, failed to establish any significantly protectable interest incumbent in an opportunity to object to preliminary approval as opposed to the right to object to final approval. Despite Proposed Intervenors' concern that preliminary approval may create at least a perception of "momentum," the Court will make its determination as to whether final approval should be granted based on the facts and law before it at that point in time, including all timely-filed objections, and not be influenced by previously granted preliminary approval. Moreover, as a practical matter, Proposed Intervenors were able to make their objections known to the Court through the process of moving for leave to intervene. Although not strictly before the Court in a technical sense, the substance of those objections has been taken into account in determining whether conditional approval of the settlement agreement is warranted in light of the law and the facts.

### 4. Discovery

Finally, Proposed Intervenors request that they be permitted to review the discovery taken in this case and to conduct their own discovery, so that they can determine the extent to

---

presented. At the hearing, Proposed Intervenors were given the opportunity to describe any additional or different matters they believed could be presented through further briefing. In short, the arguments and authorities have been fully presented and that no further briefing is required.

9

which Blockbuster's potential liability has been explored in this action and to permit them to make fully-informed objections to the settlement. They have offered no authority, however, that putative class members generally have a right to such discovery, nor any argument or authority that such a right would arise here by virtue of the first-filed rule.

Furthermore, having pursued their own claims against Blockbuster relating to these same operative events, Proposed Intervenors are already uniquely equipped to present informed analysis as to Blockbuster's potential liability; the requested discovery would seemingly not add anything of significance. Accordingly, Proposed Intervenors have failed to show the requisite significantly protectable interest that would trigger either a right to intervention or discovery on these issues.

### C. Permissive Intervention

Although the availability of permissive intervention turns on the existence of a common question of law or fact rather than potential impairment of a significantly protectable interest, it is discretionary. For the reasons discussed above as to why intervention would serve no salutary purposes here, and because the motion is untimely, the Court declines to exercise its discretion to permit intervention.

### V. CONCLUSION

The motion for leave to intervene is DENIED.

IT IS SO ORDERED.

Dated: October 23, 2009

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

10

No. C 08-3845 RS
ORDER DENYING MOTION FOR LEAVE TO INTERVENE