# EXHIBIT 2

*E-Filed 10/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SEAN LANE, et al.,

    Plaintiffs,

v.

FACEBOOK, INC., et al,

    Defendants.

No. C 08-3845 RS

**PRELIMINARY APPROVAL AND NOTICE ORDER**

On October 14, 2009, the Court heard plaintiffs' motion for preliminary approval of the proposed settlement agreement dated September17, 2009 ("Settlement Agreement") in the above-captioned action ("Litigation"). The Settlement Agreement and the Exhibits annexed thereto set forth the terms and conditions of a proposed settlement of the Litigation whereby, upon final approval of the Court the Litigation will be dismissed with prejudice ("Settlement"). Having fully considered the written and oral arguments and authorities presented by counsel and having read and considered the Settlement Agreement and the Exhibits annexed thereto, the Court finds that preliminary approval is appropriate. The parties are advised that when seeking final approval, they should be prepared to establish that the requirements for unconditional certification of the class have been met, specifically with respect to the question of whether there is sufficient "typicality" as between members of the class who may have claims under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and those who do not. Similarly, final

1

approval will require a sufficient showing that the terms of the settlement are reasonable, specifically in light of the claims under the VPPA, and the apparent availability of statutory penalties thereunder in some circumstances.

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

The Court grants preliminary approval of the Settlement Agreement and the proposed Settlement set forth herein, subject to further consideration at the Settlement Hearing described below. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

The Court grants a stay of all proceedings in the Litigation until the Court renders a final decision on approval of the Settlement.

Solely for the purposes of the Settlement Agreement and the proposed Settlement, the Court certifies the following Class:

> All Facebook members who, during the period of November 6, 2007 to the date this Order is entered, engaged in one or more activities on a website of any company, corporation, business enterprise, or other person that entered into an agreement with Facebook with respect to the Beacon functionality, which triggered Beacon, the program launched by Facebook on November 6, 2007 and all iterations thereof bearing the "Beacon" name.

Excluded from the Class are any judicial officer to whom this Litigation is assigned; Facebook and any of its affiliates; any current or former employees, officers, or directors of Facebook; any persons presently residing outside of the United States; and all Persons who timely and validly request exclusion from the Class pursuant to the Notice disseminated in the accordance with the this Order.

Solely for the purposes of the Settlement Agreement and the proposed Settlement this Court finds and concludes that the Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the Class Members. The Court finds and concludes that (a) the Persons who are part of the Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law or fact common to the

2

Class that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of those of the Class; (d) in negotiating and entering into the Agreement, the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Persons who are part of the Class individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Class; (iii) the desirability or undesirability of concentrating litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

To act on behalf of the Class in connection with the Agreement and proposed Settlement, the Court appoints Representative Plaintiffs Sean Lane, Mohannaed Sheikha, Sean Martin, Ali Sammour, Mohammaed Zidan, Sara Karrow, Colby Henson, Denton Hunker, Firas Sheikha, Hassen Sheikha, Linda Stewart, Tina Tran, Matthew Smith, Erica Parnell, John Conway, Austin Muhs, Phillip Huerta, Alicia Hunker, and M.H., a minor, by and through her parent Rebecca Holey as representatives of the Class and their counsel of record, Scott A. Kamber and David A. Stampley of KamberEdelson, LLC and Joseph H. Malley of the Law Office of Joseph H. Malley, P.C., as class counsel.

Within twenty (20) days of the date of this Order, Facebook shall pay to Rosenthal & Company, third party class action administrator, the sum of $250,000 to be used to cover the administrative and other incidental costs associated with responding to inquiries from Class Members about this Settlement and the process by which this Settlement will be subject to judicial approval.

If the Settlement Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this conditional class certification shall be vacated without further order of the Court and without

prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Effective Date of the Settlement, this class certification shall become unconditional.

A hearing ("Settlement Hearing") shall be held before this Court on February 26, 2010 at 9:30 a.m. at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, to determine whether the proposed Settlement, resolving and dismissing the Litigation on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal as provided in Exhibit 1 of the Settlement Agreement should be entered herein; and to determine the amount of fees and expenses that should be awarded to Class Counsel and the amount of the incentive award that shall be awarded to representatives of the Class. The Court may adjourn the Settlement Hearing without further notice to Class Members.

The Parties have proposed that the Class be given notice of the proposed Settlement in the following manner:

    a. As soon as reasonably practicable after the date of this Order, Facebook shall distribute the Court approved Notice or links to such Notice, in a form substantially similar to that attached hereto as Exhibit 2, via an internal Facebook message in the "Updates" section of the Inbox section of Facebook users' personal accounts targeting users whose PII was likely to have been transmitted to Facebook via Beacon, as determined by Facebook based on reasonable efforts; and

    b. During the Notice Period, Facebook shall cause the Court-approved summary form of publication notice, in a form substantially similar to that attached hereto as Exhibit A (the "Publication Notice"), to be published in one daily issue of the national edition of *USA Today*.

    c. Within ten (10) days of the filing of the Motion for the Entry of the Preliminary Approval and Notice Order with the Court, Facebook shall properly notify the

appropriate state and federal officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

The Court approves the form and content of the Notices, and finds that under the circumstances, transmission of the Notice as proposed by the Parties meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

      d.      At least seven (7) days prior to the Settlement Hearing, Facebook's Counsel shall serve on Class Counsel and file with the Court proof, by affidavit or declaration, that Facebook has fulfilled the requirements set forth in subsections (a) through (c) of this section (9), above.

All Persons who fall within the Class definition and who do not timely and validly exclude themselves from the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

Persons who wish to exclude themselves from the Class shall request exclusion within the time and the manner set forth in the Notice, such that the request is received on or before February 1, 2010, to the Parties' counsel at the addresses listed in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time and the manner set forth in the Notice. A request for exclusion must state: (a) the name, address, and telephone number of the person requesting exclusion and, if applicable, on whose behalf such exclusion is being requested, and (b) that the person wishes to be excluded from the Settlement Class. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under and shall not share in the settlement relief, and shall not be bound by any Order finally disposing of this matter.

Any Class Member may enter an appearance in the Litigation, at the Class Member's own expense, individually or through counsel of the Class Member's choice. Any Class Member who does not enter an appearance will be represented by Class Counsel. Pending final determination of whether the Settlement should be approved, neither the Representative

5

No. C 08-3845 RS
PRELIMINARY APPROVAL AND NOTICE ORDER

Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Protected Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

Any Class Member may appear and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; or why a Judgment should or should not be entered thereon; or why attorneys' fees and expenses should or should not be awarded to Class Counsel; provided, however, that no Class Member or any other Person shall be heard on or entitled to contest the Court's decision on any of the foregoing matters unless that Person has (a) no later than February 1, 2010, filed written objections and any supporting papers and briefs with the Clerk of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113; and (b) mailed or delivered copies of such objections, papers, and briefs, such that they are received no later than February 6, 2010, to the Parties' counsel at the addresses listed in the Notice.

Unless otherwise ordered by the Court, any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to any award of attorneys' fees and expenses to Class Counsel.

The Settlement Fund shall be kept under the control and possession of Facebook but within twenty (20) days of this Order, the Settlement Fund shall be deposited into a separate bank account specifically established by Facebook for purposes of this Settlement.

All papers in support of the Settlement shall be filed and served by February 10, 2010. The Parties may respond to any objection to the Settlement, provided that such response is filed and served no later than February 14, 2010.

Any application for attorneys' fees or reimbursement of expenses made by Class Counsel shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The application by Class Counsel for attorneys' fees and/or reimbursement of expenses shall be filed and served by February 10, 2010, with any response to be filed and served no later than

6

February 14, 2010. The application will be heard at the same time and place as the Settlement Hearing.

All reasonable costs incurred in giving notice to Class Members and administering the Settlement shall be borne and paid as set forth in the Settlement Agreement.

Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by Facebook of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties status quo ante.

IT IS SO ORDERED.

Dated: October 23, 2009

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

# LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**THIS NOTICE MAY CONCERN YOUR LEGAL RIGHTS IF YOU WERE A USER OF**
*www.facebook.com* **BETWEEN NOVEMBER 6, 2007 AND SEPTEMBER __, 2009.**

**THIS IS NOT AN ADVERTISEMENT OR ATTORNEY SOLICITATION.**

**IF YOU ARE A MINOR, IMMEDIATELY GIVE THIS NOTICE TO YOUR PARENT OR LEGAL GUARDIAN.**

---

**This notice is being published because a settlement has been proposed by all parties in the class action matter of:**

SEAN LANE, *et al.*, Plaintiffs v. FACEBOOK, INC., BLOCKBUSTER, INC., FANDANGO, INC., HOTWIRE, INC., STA TRAVEL, INC., OVERSTOCK.COM, INC., ZAPPOS.COM, INC., GAMEFLY, INC. (Delaware corporations), and DOES 1-40, corporations, Defendants (Case No. 08-cv-3845 RS)

**pending in the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION.**

---

## WHAT'S THE PURPOSE OF THIS NOTICE?

This notice is being published by order of the Court, before the Court considers final approval of the proposed settlement.

- This notice is to inform you of actions you may take in response to the proposed settlement.
- Your choices are: (1) do nothing; (2) opt out of the proposed settlement; or (3) object to the proposed settlement. If you choose to object to the proposed settlement or opt out of the proposed settlement, you must follow certain procedures.
- In addition, you may attend the Court's hearing about the proposed settlement.

This notice summarizes some of the information related to the proposed settlement. For more details, go to _____.

## WHAT'S THE LAWSUIT ABOUT?

Facebook, located on the web at *www.facebook.com*, is a social networking website. This lawsuit relates to Facebook's Beacon program, which Facebook launched in November of 2007. Beacon was designed to allow users to share information with their selected friends about actions taken on affiliated, but third-party, websites (such as the sites operated by the other Defendants in this lawsuit).

The plaintiffs filed this class action lawsuit on August 12, 2008, alleging that Facebook and its affiliates did not give users adequate notice and choice about Beacon and the collection and use of users' personal information. The Defendants deny that they did anything wrong, and the Court has not made any decision about which side was right in this lawsuit.

## WHAT DOES THE SETTLEMENT DO?

The proposed settlement would resolve this lawsuit before it gets to the point of asking the Court to take a position on which side is right—which could take a long time. Instead, both sides have agreed to the proposed settlement.

NOTE: This is not a settlement in which class members file claims to receive compensation. Under the proposed settlement agreement, Facebook will terminate the Beacon program. In addition, Facebook will provide $9.5 million to set up a non-profit foundation that will: fund projects and initiatives that promote the cause of online privacy, safety, and security; cover attorneys' fees capped at no more than one-third of the settlement; as well as reimbursement of expenses and costs, plus interest on the same; fund compensation for representative plaintiffs; and cover settlement administration costs.

## AM I AFFECTED?

You may be a Class Member if, between November 6, 2007 and September ▓, 2009, you visited a Facebook-affiliated website that was participating in Facebook's Beacon program.

## WHAT ARE MY OPTIONS?

- *Do nothing*: If you choose to do nothing, you will be legally bound by the settlement. By doing nothing, you will be giving up the right to sue Facebook and the other Defendants over claims related to or arising out o the Beacon program.

- *Opt out*: If you do not want to be legally bound by the settlement, you must exclude yourself by [date] or you will not be able to sue, or continue to sue, the Defendants and certain other parties for the claims listed in the settlement agreement. To opt out, you *must* mail your original, signed exclusion request to:

    *Counsel for Plaintiffs*: KamberEdelson, LLC, Attn: Scott Kamber, 11 Broadway, 22nd Floor, New York, NY 10004

    *Counsel for Defendants*: Cooley Godward Kronish LLP, % Facebook Beacon Class Action Settlement, Attn: Michael Rhodes, 4401 Eastgate Mall, San Diego, CA 92121

- *Object*: If you wish to object to the terms of the settlement, you *must* file your objection no later than [date] with:

    Clerk's Office, U.S. District Court, Northern District of California, 280 South First St., Rm. 2112, San Jose, CA 95113

In addition, you *must* mail or deliver copies of your objection and any related briefs or papers to the parties' counsel at the addresses listed above for receipt no later than [date].

If you under the age of 18, you must provide a copy of this Notice to your parent or guardian. Only your parent or guardian may interpose objections or comments to the settlement on your behalf or exclude you from the settlement.

- *Attend the settlement hearing*: On [date], the Court will hold a hearing to consider whether to grant final approval to the proposed settlement. You may comment in support of or in opposition to the proposed settlement, but you do not have to attend the hearing and, if you do choose to attend the hearing, you do not have to speak at the hearing.

---

**For a full copy of the Notice of Settlement and details on required procedures, deadlines, and your options and obligations, visit [website].**

EXHIBIT A