# EXHIBIT 5

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 857-0663

MARIA OSTROVSKY (MA-673136) (mostrovsky@cooley.com)
The Prudential Tower
800 Boylston St., 46th Floor
Boston, MA 02118
Telephone:   (617) 937-2400
Fascimile:    (617) 937-2300

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAN LANE, et.al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC., a Delaware Corporation, BLOCKBUSTER, INC., a Delaware Corporation, FANDANGO, INC., a Delaware Corporation, HOTWIRE, INC., a Delaware Corporation, STA TRAVEL, INC., a Delaware Corporation, OVERSTOCK.COM, INC., a Delaware Corporation, ZAPPOS.COM, INC., a Delaware Corporation, GAMEFLY, INC., a Delaware Corporation, and DOES 1-40, corporations,<br><br>             Defendants. | Case No. 5:08-cv-03845-RS<br><br>**DECLARATION OF MICHAEL G. RHODES IN SUPPORT OF FACEBOOK INC.'S OPPOSITION TO PROPOSED INTERVENORS' MOTION FOR LIMITED INTERVENTION AND TO STAY CONSIDERATION OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

I, Michael G. Rhodes, declare:

1. I am an attorney licensed to practice law in the State of California, and am admitted to practice before this Court. I am a partner with the law firm of Cooley Godward Kronish LLP, and am lead counsel for Defendant Facebook, Inc. ("Facebook") in this matter. I

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

47944 v1/BN

DEC. OF M.G. RHODES I/S/O DEFT'S OPP. TO
PROPOSED INTERVERNOR'S MOT. FOR LIMITED
INTERVENTION – CASE 5:08-CV-03845-RS

have personal knowledge of the facts set forth in this Declaration, and if called upon to testify, I could and would testify competently thereto.

2. After Facebook filed a Motion to Dismiss the Complaint and to Strike, I agreed to enter into private mediation with the Plaintiffs, supervised by mediator Anthony Piazza. At that time, Facebook's Motion to Dismiss and to Strike was taken off the Court's calendar.

3. On December 9, 2008 I met with counsel for the Plaintiffs and engaged in substantial private settlement mediation discussions before Mr. Piazza in San Francisco, California, and again on July 28, 2009. Throughout those months I personally negotiated with lead counsel for Plaintiffs, Scott Kamber of KamberEdelson LLC, to finalize the settlement framework and implementation. Through extensive, ongoing negotiations solely between me and the principal lawyers for the Plaintiffs, Facebook and the Plaintiffs were able to reach an agreement.

4. No other defendants or their lawyers were involved in these settlement negotiations.

5. Attached as exhibit 1 is a true and correct copy of an email chain beginning with an email from counsel for Proposed Intervenors, Thomas Corea, dated September 21, 2009.

6. Prior to September 21, 2009, counsel for Proposed Intervenors had not had any contact with me.

7. Attached as exhibit 2 is a true and correct copy of a letter from Mr. Jeremy Wilson dated October 1, 2009.

I declare under the laws of the United States of America that the foregoing is true and correct.

Dated: October 9, 2009

_____/s/_____

Michael G. Rhodes

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

47944 v1/BN

1.

DEC. OF M.G. RHODES I/S/O DEFT'S OPP. TO
PROPOSED INTERVERNOR'S MOT. FOR LIMITED
INTERVENTION – CASE 5:08-CV-03845-RS

# EXHIBIT 1

## Rhodes, Michael

**From:** Rhodes, Michael
**Sent:** Wednesday, September 30, 2009 11:23 AM
**To:** 'Thomas M. Corea'
**Subject:** RE: Facebook Case

I handled all aspects of the settlement and negotiations myself. No other lawyer or party on the defense side was involved in those negotiations.

Michael G. Rhodes
Cooley Godward Kronish LLP
San Diego/Palo Alto
Direct: (858) 550-6017 • Fax: (858) 550-6420 • Cell: (858) 205-3734
Bio: www.cooley.com/rhodesmg


-----Original Message-----
From: Thomas M. Corea [mailto:tcorea@corealaw.com]
Sent: Monday, September 28, 2009 9:16 AM
To: Rhodes, Michael
Subject: RE: Facebook Case

Thank you. Can you tell me what involvement, if any, Blockbuster or its representatives had in the settlement?

Thomas M. Corea, Esq.
Trial Lawyer and Managing Partner
THE COREA FIRM, PLLC
THE FORTY FIRST FLOOR
RENAISSANCE TOWER
1201 Elm Street
DALLAS, TEXAS 75270
Telephone: 214.953.3900 Facsimile: 214.953.3901 www.corealaw.com J U S T W I N .
This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate this e-mail, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us 214.953.3900 and ask to speak with the message sender. Also, please forward the message back to us and delete the message from your inbox and deleted items folder. Thank you.


-----Original Message-----
From: Rhodes, Michael [mailto:RHODESMG@cooley.com]
Sent: Friday, September 25, 2009 5:10 PM
To: Thomas M. Corea
Subject: RE: Facebook Case

I'm more than happy to have a rational conversation with you about our case and settlement. I was obviously put off by the way you attempted to start a dialogue.

Putting that to the side, and accepting that your email was a bit of posturing, I welcome your call and will gladly tell you about our settlement.

Mike

Michael G. Rhodes

1

Cooley Godward Kronish LLP
San Diego/Palo Alto
Direct: (858) 550-6017 * Fax: (858) 550-6420 * Cell: (858) 205-3734
Bio: www.cooley.com/rhodesmg


-----Original Message-----
From: Thomas M. Corea [mailto:tcorea@corealaw.com]
Sent: Monday, September 21, 2009 2:28 PM
To: Rhodes, Michael
Subject: RE: Facebook Case

Are you available to discuss these issues? Regarding any ethical concerns of yourself and your firm, it appears that you are perhaps in the best position to determine your own predicaments. However, given that the court in your case appears to have not been made aware of the existance of my first-filed case, what your firm, the other lawyers in the case and certainly your client has known but failed to disclose when filing a motion for preliminary approval of a settlement covering a class and plaintiffs with first-filed claims ought to make all those seriously evaluate their ethical conduct.

Thomas M. Corea, Esq.
Trial Lawyer and Managing Partner
THE COREA FIRM, PLLC
THE FORTY FIRST FLOOR
RENAISSANCE TOWER
1201 Elm Street
DALLAS, TEXAS 75270
Telephone: 214.953.3900 Facsimile: 214.953.3901 www.corealaw.com  J U S T W I N .
This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate this e-mail, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us 214.953.3900 and ask to speak with the message sender. Also, please forward the message back to us and delete the message from your inbox and deleted items folder. Thank you.



-----Original Message-----
From: Rhodes, Michael [mailto:RHODESMG@cooley.com]
Sent: Monday, September 21, 2009 4:11 PM
To: Thomas M. Corea
Subject: RE: Facebook Case


I'm trying to understand your accusation below about "ethical breaches." If you are accusing me or my firm of that, I need to know immediately so I can retain counsel and inform the court of your allegations.

Michael G. Rhodes
Cooley Godward Kronish LLP
San Diego/Palo Alto
Direct: (858) 550-6017 * Fax: (858) 550-6420 * Cell: (858) 205-3734
Bio: www.cooley.com/rhodesmg



-----Original Message-----
From: Thomas M. Corea [mailto:tcorea@corealaw.com]
Sent: Monday, September 21, 2009 2:09 PM
To: Rhodes, Michael
Subject: RE: Facebook Case

I have no information to indicate that you have engaged in ethical breaches, but it is clearly evident that the attorneys

2

representing the plaintiffs in your case most certainly were aware of the existance of my first filed case at all times.

Thomas M. Corea, Esq.
Trial Lawyer and Managing Partner
THE COREA FIRM, PLLC
THE FORTY FIRST FLOOR
RENAISSANCE TOWER
1201 Elm Street
DALLAS, TEXAS 75270
Telephone: 214.953.3900 Facsimile: 214.953.3901 www.corealaw.com J U S T W I N .

This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate this e-mail, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us 214.953.3900 and ask to speak with the message sender. Also, please forward the message back to us and delete the message from your inbox and deleted items folder. Thank you.


-----Original Message-----
From: Rhodes, Michael [mailto:RHODESMG@cooley.com]
Sent: Monday, September 21, 2009 4:06 PM
To: Thomas M. Corea
Subject: RE: Facebook Case


Are you accusing me of engaging in ethical breaches?

Michael G. Rhodes
Cooley Godward Kronish LLP
San Diego/Palo Alto
Direct: (858) 550-6017 * Fax: (858) 550-6420 * Cell: (858) 205-3734
Bio: www.cooley.com/rhodesmg




-----Original Message-----
From: Thomas M. Corea [mailto:tcorea@corealaw.com]
Sent: Monday, September 21, 2009 1:57 PM
To: Rhodes, Michael
Subject: Facebook Case

Mr. Rhodes,

Are you aware that my law firm represents the plaintiffs (individually and on behalf of the putative class) in a case filed April 9, 2008 against Blockbuster, Inc. that is now pending before the Northern District of Texas?
The class of plaintiffs covered by Facebook's newly announced settlement
agreement is the same class already covered by my first-filed case.  In
fact, one of the plaintiffs' counsels in your case, Mr. Malley, had full knowledge of the existence of my case at the time he filed the case against your client, Facebook, and Blockbuster. While I understand Blockbuster was not served in your case, that still has no bearing on the fact that the class of plaintiffs, "Beacon Users", are already the very same class covered by my first-filed case.

I would like to set a time to discuss these issues with yourself.  There appears to be some very serious ethical breaches and, at least by the Plaintiffs' lawyers, intentional misrepresentations to the court.
Please let me know of your most immediate availability to discuss these issues.
Thank you.

Thomas M. Corea, Esq.
Trial Lawyer and Managing Partner

3

THE COREA FIRM, PLLC
THE FORTY FIRST FLOOR
RENAISSANCE TOWER
1201 Elm Street
DALLAS, TEXAS 75270
Telephone: 214.953.3900 Facsimile: 214.953.3901 www.corealaw.com J U S T W I N .
This e-mail message is covered by the Electronic Communications Privacy Act,
18 U.S.C. Sections 2510-2521. This e-mail message, including any attachments hereto, contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate this e-mail, or accompanying attachments unless you are both the addressee and the intended recipient. If you are not both the addressee and the intended recipient, or have otherwise received this message in error, please call us 214.953.3900 and ask to speak with the message sender. Also, please forward the message back to us and delete the message from your inbox and deleted items folder.
Thank you.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.409 / Virus Database: 270.13.111/2386 - Release Date: 09/21/09 05:51:00 No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.409 / Virus Database: 270.13.111/2386 - Release Date: 09/21/09 05:51:00

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.409 / Virus Database: 270.13.112/2394 - Release Date: 09/25/09 05:51:00

# EXHIBIT 2

Case 3:09-cv-00217-M Document 46-7 Filed 11/02/09 Page 10 of 13 PageID 483
Case5:08-cv-03845-RS Document53 Filed10/09/09 Page9 of 12
@001/004



**RENAISSANCE TOWER**
The Forty First Floor
1201 Elm Street, Suite 4150
Dallas, Texas 75270

Phone: 214.953.3900    Fax: 214.953.3901

| TO: Cooley Godworth Kornish LLP | ATTN: Michael Graham Rhodes, Esq. |
| | ATTN: Maria Ostrovsky, Esq. |
| | ATTN: Emily Fawne Burnts, Esq. |
| | ATTN: Melina Kaliope Patterson, Esq. |
| FAX NUMBER: (858) 550-6420 | PHONE NUMBER: |
| (650) 857-0663 | |
| (617) 937-2400 | |
| FROM: Jeremy R. Wilson, Esq. | DATE: October 1, 2009 |
| MATTER: Harris, et. al. v. Blockbuster, Inc., Cause No. 3:09-cv-217-M and Lane, et. al. v. Facebook, Inc., Cause No. 5:08-cv-03845-RS ||
| Total Pages (including cover page): 4 | |

☒ Urgent  ☐ Reply ASAP  ☐ Please Comment  ☐ Review  ☐ FYI  ☐ Call upon receipt  ☐ Per your request

**Comments:**

Attachments

1. Letter dated October 1, 2009.


Thanks,
Jeremy R. Wilson, Esq.

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender immediately.



**THE COREA FIRM** PLLC
National Trial Lawyers

Renaissance Tower, The Forty First Floor, 1201 Elm Street, Dallas, Texas 75270
www.corealaw.com

October 1, 2009

**Via facsimile (858-550-6420) and**
**Regular United States Mail**
Michael Graham Rhodes, Esq.
Maria Ostrovsky, Esq.
Emily Fawne Burns, Esq.
Melina Kaliope Patterson, Esq.
Cooley Godward Kornish LLP
The Prudential Tower
800 Boylston Street
46th Floor
Boston, MA 02199
(617) 937-2300

Re: *Harris, et. al. v. Blockbuster, Inc.*, Cause No. 3:09-cv-217-M, United States District Court for the Northern District of Texas

*Lane, et. al. v. Facebook, Inc.*, Cause No. 5:08-cv-03845-RS, United States District Court for the Northern District of California

Dear Mr. Rhodes:

I am in receipt of your letter dated September 30, 2009. As you aware, I wrote you initially to fulfill our conference requirement before seeking relief with the Court in the *Lane* matter. I had hoped that we could speak on the telephone regarding this matter. I hope that you are still available to do so today after 2:30 P.M. your time as your previous email indicated.

It has been my experience that Judges prefer that attorneys speak in person rather than engage in posturing by letter. I believe we have each laid out our respective positions and perhaps there is nothing to discuss, but I stand ready to do so if you are available.

I do feel compelled, however, to address a couple of issues that you raise in your letter in anticipation of our conversation. First, even a cursory reading of the *Harris* complaint makes clear that the central allegations revolve around and involve the relationship between Facebook and Blockbuster. There is an entire section of the *Harris* complaint regarding the "Beacon" program. The complaint in *Lane* involves this same relationship and alleges a conspiracy between Facebook and Blockbuster to violate the Video Privacy Protection Act. It also alleges that Facebook "aided and abetted" Blockbuster in violating the VPPA. Thus, both actions clearly involve Facebook and Blockbuster. I

do not see how there can be a credible argument that *Lane* does not involve a material part of the same subject matter as *Harris*. Furthermore, the *Lane* action involves all of the parties involved in the *Harris* matter – namely Blockbuster. The fact that your case also involved additional parties is not the determinative factor in this analysis. I would think that the Judge would want to know about the *Harris* matter under these circumstances, particularly when one consider the definition of related action under Rule 3-12.

Local Rule 3-12 provides that actions are related if they "concern substantially the same parties, property, *transaction or event."* While I recognize that this rule technically deals with intra-district cases, we believe that it evidences the Court's desire to know of actions such as the *Harris* matter. In fact, Rule 3-12 requires the parties to alert the Court if "the party believes that the actions *may be* related." So, had this been an intra-district matter, there would be no question as to the parties obligations to the Court. Furthermore, each party signed a stipulation in the *Lane* case to not answer any *subsequently-filed related* case before filing an answer in the *Lane* case, but no party notified the Court that Blockbuster had already answered such a related lawsuit two months prior to that stipulation.

Thus, the other forty (40) John Doe defendants notwithstanding, I do not see how you can be so cavalier about the technical requirements of Rule 3-13 and the parties' obvious hair-splitting regarding their obligations thereunder. It is pretty clear from your letter that the parties to the *Lane* case knew about the *Harris* case, as you reference the supposedly numerous newspaper articles. I am not aware of any newspaper articles talking about the *Harris* case in conjunction with the *Lane* case, except those talking about the proposed settlement agreement.

I would ask that you keep in mind, however, that my motivation in writing my letter and giving you an opportunity to alert the Court to this matter before I do was to ensure that the Court was in fact notified of the *Harris* action. And to ask the Court to do what it should have done a year ago if it had been properly notified. My motivation in writing my letter was not, and still is not, to seek any penalty against any party or to allege any "ethical violations." I just believe that the pendency of the *Harris* matter needs to be brought to the attention of the Court and that coordinated proceedings need to be considered.

Second, I frankly have no idea where you have come up with the idea that our firm or our clients have been aware of the *Lane* case since it was filed. The attorneys for Blockbuster can confirm that I just learned about the *Lane* action this summer and contacted them immediately because it did not appear at first that they had been served. They simply responded that "they were aware of it." Reviewing the docket sheet, it appeared that this case was on hold pending determination of Facebook's Motion to Dismiss. No party but Facebook had answered. There appeared to be absolutely no activity on the docket sheet in this matter since the case was initially filed. There certainly was no indication that any efforts were being made to resolve the case against Blockbuster, or to move the case forward at all.

Suddenly, Facebook pops up with a proposed settlement agreement that we believe is an improper attempt to indemnify Blockbuster against its violations of federal law. We believe that Facebook's attempt to absolve Blockbuster of these violations is against public policy and should be denied. The statutory damages available under the VPPA involve punitive elements. Indemnity agreements against punitive damages are void in almost every jurisdiction as against public policy. Therefore, we do not believe that this settlement should be allowed and intend to oppose it in any forum in which it is presented.

Your admonition that "judicial resources are preserved by voluntary conciliation and settlement of complex class action litigations" might hold more weight if all of the parties had been required to defend their actions in the *Lane* case. Allowing your client to both obtain protected personal information from Blockbuster and to also indemnify Blockbuster against any liability under the VPPA is clearly against public policy. The recipient of valuable private personal information cannot simply indemnify the disclosing party and absolve that party of its wrongdoing.

For these reasons, I do not see how you believe trying to focus on our purported delays in bringing this to the Court's attention will benefit your client. The fact is that we have been pursuing this matter zealously for over a year and a half. While Blockbuster has simultaneously maintained to the Court in Texas that *both* parties to the *Harris* action are bound to an arbitration agreement, it has silently acquiesced in your client's attempt to circumvent that same agreement by seeking class wide relief in the *Lane* case. We do not believe that these inconsistencies will withstand judicial scrutiny. Interestingly, while you seem to presume a great deal about my supposed failure to answer your email question about when we learned about the *Lane* case (for an entire three hours, I might add), you still have not answered our question about Blockbuster's involvement in this settlement.

In any event, we feel strong in our position that had this matter been brought to the Court's attention these parallel-track lawsuits could have been avoided. We also feel confident that this settlement and the maneuverings to achieve it will not withstand judicial scrutiny. It is clear that if any parties felt that there was a strategic advantage to remaining silent regarding the pendency of these two matters, it was the parties in the *Lane* case.

Having said that, I look forward to discussing these matters with you on the telephone later today and hold out hope that we can at least narrow the issues for presentation to the Court.

Sincerely,

Jeremy R. Wilson

CC:

<u>Via facsimile (212-202-6374) and</u>
<u>Regular United States Mail</u>
Scott A Kamber, Esq.
KamberEdelson LLC
11 Broadway
22nd Floor
New York, NY 10004

<u>Via facsimile (214-999-7705) and</u>
<u>Regular United States Mail</u>
Mark A Fuller, Esq.
Michael L Raiff, Esq.
Frank Brame, Esq.
Vinson & Elkins
Trammel Crow Center
2001 Ross Ave
Suite 3700 Dallas, TX 75201-2975
(214) 220-7700