# EXHIBIT 7


George A. Otstott [Bar No. 184671]
gotstott@bhplaw.com
Thomas J. Moses [Bar No. 116002]
tmoses@bhplaw.com
BRYDON, HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0300
Attorneys for Intervenors
CATHERINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY

Thomas M. Corea [Texas Bar No. 24037906]
Jeremy R. Wilson [Texas Bar No. 24037722]
THE COREA FIRM, P.L.L.C.
1201 Elm Street, Suite 4150
Dallas, TX 75270
Telephone: (214)953-3900
Facsimile: (214)953-3901

George A. Otstott [Texas Bar No. 15342000]
Ann Jamison [Texas Bar No. 00798278]
OTSTOTT & JAMISON, P.C.
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, TX 75206
Telephone: (214)522-9999
Facsimile: (214)828-4388
Texas Counsel for Intervenors
CATHERINE HARRIS, MARIO HERRERA, and MARYAM HOSSEINY
(Application to Appear *Pro Hac Vice* pending)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE LANE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, et al.,<br><br>Defendants. | Case No. 5:08-cv-03845-RS<br><br>AFFIDAVIT OF JEREMY R. WILSON (PART 2 OF 2)<br><br>Assigned to the Hon. Richard Seeborg<br><br>Date: November 18, 2009<br>Time: 9:30 a.m.<br>Dept: 4 |

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

AFFIDAVIT OF JEREMY R. WILSON

# EXHIBIT D



Michael G. Rhodes
(858) 550-6017
rhodesmg@cooley.com

VIA FACSIMILE AND REGULAR UNITED STATES MAIL

September 30, 2009

Jeremy R. Wilson, Esq.
The Corea Firm PLLC
Renaissance Tower
1201 Elm Street, Suite 4150
Dallas, TX 75270

RE: *Harris, et. al. v. Blockbuster, Inc.*, Cause No., 3:09-cv-217-M, United States District Court for the Northern District of Texas

*Lane, et. al. v. Facebook, Inc.*, Cause No. 5:08-cv-03845-RS, United States District Court for the Northern District of California

Dear Mr. Wilson:

I am in receipt of your letter dated September 30, 2009. As described below, your allegations that the parties in the *Lane* litigation violated any local rule as well as your contention that the *Lane* matter should be transferred to the United States District Court for the Northern District of Texas are misplaced and smack of improper gamesmanship in an effort to thwart the proposed class settlement, which was the byproduct of extensive negotiations that took place over the past year under the supervision of a very experienced mediator. I note that in the very first communication from Mr. Corea of your firm (email dated September 21, 2009), improper charges were leveled about the settlement (Mr. Corea, without any factual or legal basis, stated that "there appears to be some very serious ethical breaches"). These events only serve to put into question the real motivations underlying your firm's sudden arrival onto the scene.

First, your reading of N.D. Cal. Local Rule 3-13 is incorrect. Contrary to your letter, the existence of another case that may involve "the same series of transactions and occurrences" does not trigger an obligation to file a Notice of Pendency of Other Action or Proceeding. Rule 3-13 states, in relevant part:

> Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter <u>and all or substantially all of the same parties</u> as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.



Jeremy R. Wilson, Esq.
September 30, 2009
Page Two

(emphasis added.) The *Lane* action does not involve "all or substantially all of the same parties" as the *Harris* action since Blockbuster is the only defendant in the *Harris* action whereas the *Lane* action was filed against Blockbuster and an additional seven named defendants and forty "Doe" defendants. The two plaintiff classes, as defined in the Complaints, are not identical either. Additionally, the *Lane* action involves numerous causes of action whereas the *Harris* action is focused solely on the Video Privacy Protection Act and does not even name Facebook itself as a defendant. Under the clear language of Local Rule 3-13, parties in the *Lane* action have never been under any obligation to inform the District Court for the Northern District of California about the existence of the *Harris* action and do not intend to file a Notice under Rule 3-13.

Second, as you correctly point out, the *Lane* litigation has been pending for over a year (and you have apparently been well aware of its existence since it was filed in August of 2008; and I note you have yet to answer my question of today in which I asked when you first became aware of the *Lane* case). However, you have tellingly chosen to wait until the Motion for Preliminary Approval of Class Action Settlement was filed to raise what you believe to be an "important issue" that is not to be taken "lightly." Despite the *Lane* litigation receiving significant press (sometimes in conjunction with press about the *Harris* matter), you remained silent and did not alert any of the parties or the Courts that you believe the two lawsuits are related. Instead, you chose to air your grievances at the eleventh hour after the parties in the *Lane* matter have engaged in extensive negotiations and reached an amicable resolution. Your delay can only be construed as a last-ditch effort to impede the approval of a thoroughly negotiated settlement under the pretext of preserving judicial resources. If anything, judicial resources are preserved by voluntary conciliation and settlement of complex class action litigations rather than the senseless motion practice you propose.

Third, the litigation in the *Harris* action has been stayed until the United States Court of Appeals for Fifth Circuit rules on Blockbuster's appeal of an order denying its motion to compel individual arbitration. Accordingly, your proposed motion to transfer the *Lane* case to Texas in an effort to prevent waste of judicial resources is preposterous. Transferring a case that has been all but been resolved after many months of negotiations to a court where it can linger indefinitely while proceedings are stayed is the very antithesis of judicial economy.

Finally, I must point out what can only be a typo on top of the second page of your letter. The *Harris, et. al. v. Blockbuster* lawsuit is of course pending in the Northern District of Texas, not the Northern District of California.

Sincerely,

*Michael Rhodes* (signature)

Michael G. Rhodes

cc: Scott A. Kamber, Esq., Michael L. Raiff, Esq., Frank Brame, Esq. (via email)