# EXHIBIT 8

1              IN THE UNITED STATES DISTRICT COURT

2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                      SAN JOSE DIVISION

4

5    SEAN LANE, ET AL.,          )   CR-08-3845-RS
                                 )
6              PLAINTIFFS,       )   OCTOBER 14, 2009
                                 )
7                V.              )
                                 )
8    FACEBOOK, ET AL.,           )   PAGES 1 - 62
                                 )
9              DEFENDANTS.       )
     ———————————————————————      )

10

11

12          THE PROCEEDINGS WERE HELD BEFORE

13         THE HONORABLE UNITED STATES DISTRICT

14              JUDGE RICHARD SEEBORG

15   A P P E A R A N C E S:

16

17   FOR THE PLAINTIFFS  LAW OFFICES OF JOSEPH H. MALLEY
                         BY:  JOSEPH H. MALLEY
18                       1045 NORTH ZANG BOULEVARD
                         DALLAS, TEXAS 75208
19
                         PARISI & HAVENS
20                       BY:  DAVID C. PARISI
                         15233 VALLEYHEART DRIVE
21                       SHERMAN OAKS, CALIFORNIA 91403

22       (APPEARANCES CONTINUED ON THE NEXT PAGE.)

23

24   OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
25

                                                         1

1    A P P E A R A N C E S: (CONT'D)

2

3    FOR THE PLAINTIFFS:        KAMBEREDELSON
                                BY:  SCOTT A. KAMBER
                                11 BROADWAY, 22ND FLOOR
4                               NEW YORK, NEW YORK 10004

5

6                               BRYDON, HUGO & PARKER
                                BY:  GEORGE A. OTSTOTT
                                135 MAIN STREET
7                               20TH FLOOR
                                SAN FRANCICSO, CALIFORNIA
8                               94105

9                               OTSTOTT & JAMISON
                                BY:  GEORGE A. OTSTOTT, SR.
10                              TWO ENERGY SQUARE
                                4849 GREENVILLE AVENUE
11                              SUITE 1620
                                DALLAS, TEXAS 75206

12

13   FOR FACEBOOK:              COOLEY, GODWARD & KRONISH
                                BY:  MICHAEL RHODES
14                              4401 EASTGATE MALL
                                SAN DIEGO, CALIFORNIA 92121

15

16   FOR HOTWIRE:               JONES, DAY
                                BY:  SHAWN HANSON
17                              555 CALIFORNIA STREET
                                26TH FLOOR
18                              SAN FRANCISCO, CALIFORNIA
                                94104

19

20   FOR BLOCKBUSTER:           VINSON & ELKINS
                                BY:  MICHAEL L. RAIFF
21                              TRAMMELL CROW CENTER
                                2001 ROSS AVENUE
22                              SUITE 3700
                                DALLAS, TEXAS 75201

23

24

25

                                                            2

U.S. COURT REPORTERS

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                OCTOBER 14, 2009 |

2

                    P R O C E E D I N G S

3

4          (WHEREUPON, COURT CONVENED AND THE

5    FOLLOWING PROCEEDINGS WERE HELD:)

6          THE CLERK:  CALLING CASE NUMBER 08-3845-RS,

7    LANE VERSUS FACEBOOK, ET AL.  WOULD COUNSEL COME

8    FORWARD, PLEASE, AND STATE YOUR APPEARANCES?

9          MR. KAMBER:  SCOTT KAMBER FOR JOHN LANE,

10   THE PLAINTIFFS.

11         THE COURT:  GOOD MORNING.

12         MR. KAMBER:  GOOD MORNING, YOUR HONOR.

13         MR. PARISI:  DAVID PARISI ALSO ON BEHALF

14   OF PLAINTIFFS.

15         MR. MALLEY:  JOSEPH MALLEY ON BEHALF OF

16   PLAINTIFFS.

17         MR. RHODES:  GOOD MORNING.  MIKE RHODES

18   ON BEHALF OF FACEBOOK.

19         THE COURT:  GOOD MORNING.

20         MR. OTSTOTT:  GOOD MORNING.  GEORGE

21   OTSTOTT ON BEHALF OF THE INTERVENORS.

22         THE COURT:  GOOD MORNING.

23         MR. OTSTOTT:  GEORGE OTSTOTT, SENIOR ALSO

24   ON BEHALF OF THE INTERVENORS.

25         MR. WILSON:  GOOD MORNING.  JEREMY WILSON

                                                    3

1    ON BEHALF OF THE INTERVENORS.

2           MR. RAIFF:  GOOD MORNING, YOUR HONOR.

3    MIKE RAIFF ON BEHALF OF BLOCKBUSTER.

4           MR. HANSON:  SHAWN HANSON ON BEHALF OF

5    THE DEFENDANT HOT WIRE.

6           THE COURT:  GOOD MORNING.  IS EVERYBODY

7    ACCOUNTED FOR?

8           ALL RIGHT.  LET ME MAKE SOME PRELIMINARY

9    OBSERVATIONS HAVING READ THROUGH THE PAPERS.

10          LET ME FIRST JUST TELL YOU WHAT I READ

11   THROUGH.  I HAVE THE MOTION FOR PRELIMINARY

12   APPROVAL AND THEN I HAVE THE MOTION TO INTERVENE.

13          I REVIEWED THE OPPOSITION THAT WAS

14   INITIALLY FILED BY FACEBOOK AND AN OPPOSITION FROM

15   PLAINTIFFS IN THIS CASE, AN OPPOSITION TO

16   INTERVENTION FILED BY BLOCKBUSTER AND THE VARIOUS

17   PAPERS ASSOCIATED WITH ALL OF THOSE PLEADINGS.  SO

18   THAT'S WHAT I HAVE TAKEN A LOOK AT.

19          LET ME GIVE YOU MY TENTATIVE THOUGHTS AND

20   YOU CAN ALL SIT DOWN.

21          MR. RHODES:  THANK YOU, YOUR HONOR.

22          THE COURT:  I AM SKEPTICAL OF THE MOTION

23   TO INTERVENE.  I SHOULD FIRST SAY IS WHAT I WOULD

24   LIKE TO TAKE UP FIRST IS THE MOTION TO INTERVENE,

25   AND THEN I'LL TAKE UP THE QUESTION OF PRELIMINARY

                                              4

1    APPROVAL.

2         GOING TO THE MOTION TO INTERVENE, I'M

3    SKEPTICAL ON ANY RIGHT TO INTERVENE BE IT OF RIGHT

4    OR PERMISSIVE IN THIS INSTANCE.

5         STARTING FOR A MOMENT ON THE QUESTION OF

6    WHETHER OR NOT A NOTICE OF RELATED ACTION SHOULD

7    HAVE BEEN FILED, THE OPERATIVE LOCAL RULE PROVISION

8    IS 3-13, NOT 3-12 WHICH THE PLAINTIFFS HAVE SPENT

9    SOME TIME ANALYZING.

10        BUT THAT REFERS TO TWO CASES OR MORE

11   WITHIN OUR OWN DISTRICT.

12        3-13 IS THE OPERATIVE PROVISION.  AND I

13   DO THINK THAT THERE IS AN ARGUMENT THAT A NOTICE

14   SHOULD HAVE BEEN FILED HERE THAT THE FOCUS THAT THE

15   FACEBOOK DEFENDANTS ANYWAY SEEM TO ADDRESS IS

16   WHETHER OR NOT THIS CASE IN THIS DISTRICT IS

17   SOMEHOW RELATED TO THE CASE IN TEXAS.

18        I THINK THE FOCUS UNDER 3-13 IS THE TEXAS

19   CASE.  THE TEXAS CASE, AS I UNDERSTAND IT, AND THE

20   DRAW IS THE SUBSET OF A CASE THAT IS IN FRONT OF

21   ME.  SO I THINK A 3-13 NOTICE PROBABLY SHOULD HAVE

22   BEEN FILED.

23        BUT I THINK THE ABSENCE OF THAT NOTICE

24   DOESN'T RESULT IN THE GRANTING OF A MOTION TO

25   INTERVENE.

5

1          I HAD SOME, AS I SAID, A GREAT DEAL OF

2     SKEPTICISM ON WHETHER OR NOT INTERVENTION IN THIS

3     INSTANCE IS APPROPRIATE.

4          I HAVE HAD SOME SIGNIFICANT OR SERIOUS

5     QUESTIONS ABOUT THE TIMELINESS OF THE MOTION.

6          I DON'T UNDERSTAND WHY THE OPT-OUT OPTION

7     IS NOT ONE THAT CAN ADDRESS THE CONCERNS THAT THE

8     INTERVENORS PRESENT.  AND BEYOND THAT, SHOULD I

9     GRANT PRELIMINARY APPROVAL AT THE FAIRNESS HEARING,

10    I THINK TO THE EXTENT THAT THERE ARE SOME PUNITIVE

11    CLASS MEMBERS THAT ALSO MAY BE PUNITIVE CLASS

12    MEMBERS IN ANY TEXAS PROCEEDING, THEY CAN COME IN

13    AND INDICATE WHATEVER OBJECTIONS THEY MAY HAVE,

14    WHICH MAY INCLUDE SOME OF THE POINTS THAT THE

15    PROPOSED INTERVENORS SUGGEST.

16         BUT THE NOTION THAT THIS CASE SHOULD STOP

17    IN ITS TRACKS, THAT A STAY SOMEHOW SHOULD BE

18    INVOKED, THE CASE ULTIMATELY SHOULD BE TRANSFERRED

19    UNDER SOME RULE AND THERE WAS SOME SUGGESTION 1407

20    WOULD BE THE BASIS BUT THERE'S NO MDL PROCEEDING

21    THAT I'M AWARE OF GOING ON.

22         IT DOESN'T SEEM TO ME TO MAKE A WHOLE LOT

23    OF SENSE, AND I DON'T THINK THAT THERE'S REALLY ANY

24    LEGAL BASIS TO DO IT.

25         SO I AM SKEPTICAL.

6

1          SO THAT IS THE -- WHERE THINGS STAND.

2    YOU'RE ENTITLED TO KNOW THAT BASED ON WHAT MY

3    REACTION IS BASED ON HAVING READ THE PAPERS, BUT

4    THAT DOESN'T PRECLUDE YOU THE OPPORTUNITY TO

5    PRESENT ARGUMENT AS TO WHY I'M READING THEM WRONG.

6          SO WITH THAT, WHY DON'T I GO AHEAD AND

7    ASK THE PROPOSED INTERVENORS, MR. OTSTOTT AND

8    MR. WILSON, WHOEVER WANTS TO ADDRESS THE ISSUE.

9          AND WHOEVER WANTS TO ADDRESS THE ISSUE,

10   WHY DON'T YOU COME FORWARD AND STAND UP HERE.

11          MR. WILSON:  GOOD MORNING, YOUR HONOR.

12          THE COURT:  GOOD MORNING.  YOU'RE

13   MR. WILSON?

14          MR. WILSON:  I AM.  AND I RECOGNIZE THAT

15   IT SOUNDS LIKE I HAVE MY WORK CUT OUT FOR ME TODAY.

16          THE COURT:  IN FAIRNESS I THOUGHT YOU

17   OUGHT TO KNOW.

18          MR. WILSON:  AND I APPRECIATE THAT, YOUR

19   HONOR, BECAUSE I THINK IT GIVES ME A BETTER

20   UNDERSTANDING OF HOW I NEED TO ADDRESS THIS TO THE

21   COURT AND WHAT I NEED TO BRING UP.

22          THE PLAINTIFFS IN THEIR MOTION HAVE

23   RECOGNIZED THAT AS A PRACTICAL MATTER THE

24   INSTITUTION OF THESE ACTIONS ARE NOT FEASIBLE

25   EXCEPT IN A CLASS FORMAT.

7

1        SO IT BASICALLY INDICATED TO THE COURT

2   THAT ONE OF THE REASONS THAT THE INDIVIDUAL

3   NATURE -- OR THE CLASS ACTION IS THE PREDOMINANT

4   METHOD FOR RESOLVING THIS IS THE RECOGNITION OF

5   THAT FACT.

6        THE COURT:  ALTHOUGH YOU HAVE SUGGESTED

7   TO ME THAT ONE OF THE ASPECTS THAT TROUBLES YOU

8   ABOUT THE PROCEEDINGS HERE IS THE STATUTORY

9   PENALTIES IN THE BLOCKBUSTER CASE OF AT LEAST THE

10  2500 PER OCCURRENCE IF I RECALL CORRECTLY.

11       IS THAT REALLY, IF INDEED YOU'RE RIGHT,

12  PERHAPS AN INDIVIDUAL COULD BRING SOME KIND OF A

13  CLAIM, BE IT IN SMALL CLAIMS OR SOMEPLACE ELSE.

14       MR. WILSON:  YOUR HONOR, THEY COULD BRING

15  IT FOR THOSE INDIVIDUAL DAMAGES.  BUT WHAT WE'RE

16  TALKING ABOUT HERE IS UNDER THE VIDEO PROTECTION

17  ACT, THE VIDEOTAPE SERVICE PROVIDERS CHARGE AS THE

18  GUARDERS AT THE GATES OF THIS INFORMATION.  AND

19  THEY ARE CHARGED WITH PROTECTING AND NOT DISCLOSING

20  TO INDIVIDUALS.

21       ONE OF THE CONCERNS WE HAD WITH THE

22  PROPOSED SETTLEMENT IS THAT THERE'S NO INJUNCTIVE

23  RELIEF THAT ACTUALLY RECOGNIZES IN ANY WAY WAYS OF

24  ENSURING THIS TYPE OF THING.

25       THE COURT:  WHY CAN'T IT BE BROUGHT TO MY

8

1    ATTENTION IN THE EVENT THAT I GRANT PRELIMINARY

2    APPROVAL?  I MEAN, HAVE A FAIRNESS HEARING.

3            AND TO THE EXTENT THAT ANY OBJECTOR COMES

4    IN AND SAYS THAT THIS IS AN OUTRAGEOUSLY UNFAIR

5    CLASS SETTLEMENT AND YOU WOULD BE DISADVANTAGING

6    THESE MEMBERS, WHY COULDN'T IT BE PRESENTED TO ME

7    AT THAT TIME?

8            MR. WILSON:  BECAUSE AN INITIAL DECISION

9    HAS TO BE MADE AT THIS COURT RIGHT NOW THAT ALL THE

10   CLAIMS ARE TYPICAL AND COMMON AND NO CLAIMS ARE

11   STANDING OUT AS STRONGER THAN THE OTHERS.

12           AND WE WOULD SUBMIT THAT POSTPONING THAT

13   DETERMINATION UNTIL FAIRNESS, THERE'S ALMOST A

14   PRESUMPTION CREATED, AND I BELIEVE IT'S A STRONG

15   AMOUNT OF MOMENTUM.  WE'RE TALKING ABOUT ALLOWING

16   THE PARTIES TO SPEND A GREAT DEAL OF MONEY NOTICING

17   THIS ACTION.

18           THE COURT:  WELL, YOU KNOW, IN THIS DAY

19   AND AGE, AND THIS IS JUMPING A LITTLE AHEAD TO THE

20   PRELIMINARY APPROVAL, BUT WE LIVE IN AN AGE WHERE

21   NOTICE IS NOT QUITE AS DAUNTING A PROCESS BECAUSE

22   OF THE ELECTRONIC NATURE OF THE NOTICE.

23           I RECOGNIZE THAT A PROPOSAL TO DO A

24   PUBLICATION IN "U.S.A. TODAY" AND THEN IN ADDITION

25   TO THAT THE ELECTRONIC NOTICE.

9

1         YOU MAY BE RIGHT THAT THERE IS SOME

2    MOMENTUM ASPECT TO IT, BUT MAYBE I'M WRONG, BUT I

3    DON'T VIEW MY ROLE IN THE EVENT THAT I GIVE SOME

4    PRELIMINARY APPROVAL AS PREJUDGING THE QUESTION.

5         I MEAN, I FEEL I'M PERFECTLY CAPABLE OF

6    SAYING AT THE FAIRNESS HEARING, WELL, I MAY HAVE

7    INITIALLY THOUGHT THAT THERE WAS A BASIS TO GO

8    FORWARD, BUT I DON'T FEEL MYSELF CONSTRAINED.  I

9    WOULD NOT TAKE KINDLY, I GUESS, A BETTER WAY TO SAY

10   IT TO AN ARGUMENT, WELL, JUDGE YOU ALREADY DECIDED

11   TYPICALITY, COMMONALITY AND ALL OF THE REST.  I

12   DON'T THINK SO.

13        MR. WILSON:  WELL, YOUR HONOR, AND I

14   DIDN'T MEAN TO SUGGEST THAT YOU WOULD DO SO AND IF

15   THAT'S THE WAY YOU INTERPRETED MY REMARKS, THEN

16   THAT'S NOT THE WAY I INTENDED THEM.

17        THE POINT THAT I WAS TRYING TO GET ACROSS

18   WAS THAT THE SUPREME COURTS AND THE APPELLATE

19   COURTS HAVE LOOKED AT THIS AND MADE CLEAR THAT THE

20   MOMENT OF CERTIFICATION, EVEN FOR SETTLEMENT

21   PURPOSES, IS A MOMENT OF HEIGHTENED SCRUTINY.

22        AND THE REASON FOR THAT IS IT'S A NON

23   ADVERSARIAL PROCEEDING.  ALL PARTIES ARE AGREEING

24   IT LOOKS ALL GOOD AND IT'S BUNDLED UP INTO A NICE

25   BOW AND LOOK HOW COMMON LAW CLAIMS ARE.

10

1           AND BY MAKING A DETERMINATION -- SO THE

2     COURTS HAVE CHARGED THIS COURT WITH DETERMINING

3     THOSE SORTS OF THINGS ON A PRELIMINARY BASIS.

4           AND SO ONCE THAT PRELIMINARY

5     DETERMINATION IS MADE, THEN, YES, YOU CERTAINLY,

6     YOUR HONOR, WOULD RESERVE THE RIGHT TO DO THAT, BUT

7     YOU HAVE ALREADY TAKEN LARGE STRIDES, REALLY,

8     TOWARDS NOTICING UP THIS CLASS AND NOTICING UP AND

9     PROVIDING EVERYBODY AN OPPORTUNITY TO OBJECT.

10          ONE OF THE THINGS THAT WE NOTE IS THAT

11    THE BYLAWS OF THIS FOUNDATION AREN'T EVEN GOING TO

12    BE SUBMITTED TO THE COURT UNTIL RIGHT BEFORE THE

13    FAIRNESS HEARING.

14          HOW DO WE NOTICE A CLASS EVEN AT THIS

15    POINT OF THE REMEDIES THAT ARE GOING TO BE THE

16    BENEFIT THAT THEY'RE GOING TO BE GETTING TO THIS?

17    HOW DO THE OBJECTORS MAKE AN INFORMED OBJECTION

18    EVEN?

19          THE COURT:  OKAY.  THAT TAKES ME BACK

20    AGAIN TO WHY ISN'T THE FAIRNESS HEARING TIME TO

21    BRING UP THIS ISSUES?

22          I MEAN, ISN'T IT -- FRANKLY, PLAINTIFFS

23    AND THE DEFENDANTS IN THE CASE ASSIGNED TO ME ARE

24    THE ONES AT RISK.

25          IF THERE'S A FUNDAMENTAL FLAW, SOME OF

11

1    THE ONES THAT YOU WERE SUGGESTING THAT THE

2    FOUNDATIONAL PROPOSAL WHEN IT FINALLY IS PRESENTED,

3    YOU KNOW, YOU ARGUE OR AN OBJECTOR WOULD ARGUE

4    SOMEHOW, YOU KNOW, IT WAS EPHEMERAL OR WHATEVER.

5              LET'S GET BACK TO THE QUESTION OF WHY

6    SHOULD YOU -- WHY SHOULD I ENTERTAIN THE REMEDY YOU

7    SUGGEST, WHICH IS STOPPING EVERYTHING IN ITS TRACKS

8    HERE AND WITH THE ULTIMATE GOAL, I TAKE IT FROM THE

9    WAY THAT YOU HAVE PRESENTED THE PAPERS THAT

10   EVERYTHING MOVES TO TEXAS EVEN THOUGH AS I

11   UNDERSTAND IT THE TEXAS PROCEEDING IS TO SOME

12   EXTENT A SUBSET OF THE SCOPE OF THE PROCEEDING

13   HERE?

14             WHY SHOULD I STOP EVERYTHING?  I GUESS

15   YOUR PRINCIPAL ARGUMENT IS THE FIRST FILED ARGUMENT

16   BUT, YOU KNOW, THE TEXAS PROCEEDING AS I UNDERSTAND

17   IT EFFECTIVELY STOPS BECAUSE THE FIFTH CIRCUIT IS

18   CONSIDERING AN ARBITRATION QUESTION.

19             THE QUESTION IS WHY SHOULD I LET YOU COME

20   IN AND STOP EVERYTHING HERE?

21             MR. WILSON:  YOUR HONOR, WHAT I'M ASKING

22   FOR IS THAT THE COURT -- AND I'M AWARE THAT YOU'RE

23   DOING THAT THROUGH THESE PROCEEDINGS, AND I DON'T

24   MEAN TO SUGGEST OTHERWISE.

25             BUT WHAT I'M ASKING FOR IS THAT THE COURT

                                             12

1   BE VERY CAREFUL AT THIS CRITICAL STAGE OF

2   CERTIFICATION.

3           THE COURTS HAVE SAID, LIKE I SAID BEFORE,

4   THAT IT'S A HEIGHTENED -- IT'S A TIME OF HEIGHTENED

5   SCRUTINY.

6           AND JUST BECAUSE THE PARTIES HAVE COME IN

7   AND AGREED, WE WOULD SUGGEST THAT WE COULD PROVIDE

8   A VALUABLE ROLE.

9           AND IF IN PROVIDING AN ADVERSARIAL

10   BALANCE TO THE ARGUMENTS THAT ARE BEING PRESENTED

11   TO THE COURT AS TO WHY THIS CASE SHOULD BE

12   INITIALLY CERTIFIED, WE HAVE VERY SERIOUS CONCERNS

13   THAT THE VPPA CAUSES OF THIS ARE THE INTEGRAL PART

14   OF THIS AND THOSE CLASS MEMBERS HAVE VERY DIFFERENT

15   RIGHTS AND REMEDIES AVAILABLE TO THEM AND MUCH

16   STRONGER THAN THE REST OF THE CLASS.

17           AND SO WE WOULD SUBMIT THAT AS A

18   PRACTICAL MATTER THAT SHOULD BE EVALUATED AND YOUR

19   HONOR IS DOING THAT THROUGH THIS HEARING, I

20   RECOGNIZE THAT, BUT WE WOULD ARGUE THAT WE SHOULD

21   BE ALLOWED, RATHER THAN ON 20 DAYS NOTICE, 25 DAYS

22   NOTICE FROM THE PARTIES AND US BEING, YOU KNOW,

23   KIND OF STEP BACK ON OUR HEELS BY THE FACT THAT

24   THIS WAS -- FACEBOOK WAS ATTEMPTING TO INDEMNIFY

25   BLOCKBUSTER FOR THIS, YOUR HONOR.

13

1      WE WOULD SUBMIT THAT WE SHOULD BE ALLOWED

2  TO COME IN AND PROPOSE, YOU KNOW, PRESENT AN

3  INFORMED BRIEFING ON THAT ISSUE BECAUSE IT'S SUCH A

4  CRITICAL TIME IN THE PROCEEDING, YOUR HONOR.

5      THE COURT:  LET ME ASK SOME QUESTIONS

6  WITH RESPECT TO DIFFERENCES IN THE RECORD.  THERE'S

7  A SUGGESTION IN YOUR PAPERS THAT YOU'VE SORT OF

8  BEEN SANDBAGGED ON ALL OF THIS AND THAT YOU WEREN'T

9  FAMILIAR WITH WHAT WAS GOING ON AND NOW HERE WE ARE

10  AND THIS CASE IS IN CALIFORNIA AND IS PROCEEDING

11  ALONG.

12      BUT THEN I DID RECEIVE SOME -- IT WAS A

13  DECLARATION OF MR. MALLEY AND THAT WAS SUBMITTED BY

14  PLAINTIFFS IN MY CASE THAT SUGGEST, MORE THAN

15  SUGGEST, OR REPRESENT THAT COUNSEL IN THE TEXAS

16  CASE WAS FULLY AWARE OF THIS CASE FOR QUITE SOME

17  TIME.

18      MR. WILSON:  AND I'M HAPPY TO ADDRESS

19  THAT TO, YOUR HONOR.

20      THE COURT:  OKAY.

21      MR. WILSON:  MR. MALLY'S AFFIDAVIT, ONE,

22  IS VERY VAGUE.  IT SAYS, "IT WAS COMMUNICATED IN

23  SEPTEMBER OF '08 WHEN THE LANE ACTION WAS FILED AT

24  THE TIME."

25      THE COURT:  "IN JUNE OF '08 I HAD

14

1    COMMUNICATIONS WITH HARRIS COUNSEL IN WHICH I

2    INDICATED THAT I WAS WORKING WITH A NEW YORK LAW

3    FIRM ON A CASE AGAINST FACEBOOK, BLOCKBUSTER, INC.,

4    BLOCKBUSTER AND OTHER COMPANIES REGARDING REGARDING

5    FACEBOOK'S BEACON PROGRAM AND THAT WE ANTICIPATED

6    FILING A COMPLAINT WITHIN A MONTH."

7              MR. WILSON:  THAT THEY KNEW THEY WERE

8    GOING TO BE FILING A CLAIM SOMEWHERE, YOUR HONOR,

9    YES.  AND I HAVE GONE BACK WITH MR. OTSTOTT SINCE

10   THAT TIME AND THERE WERE REFERENCES TO A FACEBOOK

11   CASE GENERALLY, AND I WAS NOT AWARE OF THAT AT THE

12   TIME THAT I WAS SUBMITTING THAT INFORMATION.

13             THE COURT:  DOESN'T THAT KIND OF PUT YOU

14   ON NOTICE THAT, YOU KNOW, YOU NEED TO BE AWARE OF

15   IT AND PERHAPS TAKE A LOOK?  IT'S PRETTY EASY THESE

16   DAYS TO DO A REVIEW OF WHAT CASES ARE BEING FILED

17   IN FEDERAL COURTS.

18             MR. WILSON:  IN WHICH COURT THOUGH, YOUR

19   HONOR?

20             THE COURT:  PARDON?

21             MR. WILSON:  IN WHICH COURT?

22             THE COURT:  I DON'T THINK THAT'S ALL THAT

23   DIFFICULT ON A NATIONAL BASIS TO DETERMINE WHETHER

24   OR NOT A CASE -- A PUNITIVE CLASS ACTION IS BEING

25   FILED AGAINST FACEBOOK IN ANY OF OUR 93 DISTRICTS.

                                                    15

1     IS IT REALLY THAT DIFFICULT?

2              MR. WILSON:  TO SEARCH THEM ALL

3     INDIVIDUALLY FOR FACEBOOK --

4              THE COURT:  I DON'T THINK YOU HAVE

5     TO NECESSARILY -- WE'VE GOT LOTS OF DIFFERENT

6     MECHANISMS THESE DAYS THROUGH OUR PACER SYSTEM AND

7     OTHERS TO BE ABLE TO DETERMINE WHETHER OR NOT A

8     CASE HAS BEEN FILED.

9              BUT LET ME JUST GET A BASIC

10    UNDERSTANDING.  YOU DON'T DISPUTE THEN THAT THE

11    BASIC OUTLINE OF FACTS AS SET FORTH IN THE MALLEY

12    DECLARATION.

13             YOU'RE JUST SAYING THAT IT DIDN'T MEAN A

14    WHOLE LOT THE DEGREE TO WHICH YOU WERE ADVISED THAT

15    SOMETHING WAS UP WASN'T AS DETAILED AS YOU THOUGHT

16    IT OUGHT TO BE?

17             MR. WILSON:  THAT'S CORRECT, YOUR HONOR,

18    I DON'T BELIEVE THAT THAT WAS SUFFICIENT TO PUT US

19    ON NOTICE TO HAVE FOUND THIS LAWSUIT AND TO HAVE

20    REALIZED.  AND CERTAINLY EVEN REVIEWING THE

21    RECORDS, YOUR HONOR, BLOCKBUSTER -- AND, FRANKLY,

22    WE'RE GETTING DIFFERENT POSITIONS ON THIS BECAUSE

23    BLOCKBUSTER CLAIMS THAT THEY HAVE NOT BEEN SERVED

24    IN THIS ACTION.

25             THEY HAVE CONSENTED TO PROCEED BEFORE

16

1    YOU, YOUR HONOR, RATHER THAN THE DISTRICT JUDGE IN

2    THIS ACTION FOUR DIFFERENT DOCUMENTS THAT THEY HAVE

3    FILED IN THIS CASE CLAIMING THAT THE OBJECTIVE

4    CLAIM IN THE LAST ONE THAT WE HAVE NOT APPEARED AND

5    WE HAVE NOT BEEN SERVED AND WE DIDN'T HAVE ANY

6    OBLIGATIONS UNDER 3-13.  WE DIDN'T HAVE ANY -- AND

7    CERTAINLY, AS THE COMMON DEFENDANT AND GIVEN THE

8    YOUR READING OF 3-13, WHICH WE BELIEVE IS THE

9    CORRECT ONE, YOUR HONOR, THAT IT WAS THE SIMILARITY

10   AND HAD THIS ACTION HAD ALL OF THE SAME DEFENDANTS

11   AS THAT ACTION, BLOCKBUSTER HAS BEEN SITTING ON THE

12   SIDELINES OF THIS KIND OF TAP DANCING OF ARE WE IN

13   THIS CASE OR ARE WE NOT IN THIS CASE?  BUT YET

14   SIGNING STIPULATIONS TO PROCEED BEFORE YOU THAT

15   WERE CLEARLY DESIGNED, GIVEN THE TIMING OF THIS, TO

16   PUSH THIS CASE FORWARD TO RESOLUTION.

17             THE COURT:  WHAT FLOWS FROM A

18   DETERMINATION THAT 3-13 NOTICE SHOULD HAVE BEEN

19   FILED?

20             I MEAN, LET'S ASSUME, AND AS I'M

21   INDICATING TO YOU I'M KIND OF INCLINED TO THINK

22   THAT THEY SHOULD HAVE FILED MORE, WHERE DO WE GO

23   FROM THERE?

24             WHAT REMEDY DO YOU -- IS THE REMEDY THAT

25   YOU GET TO INTERVENE BECAUSE A 3 -13 NOTICE SHOULD

17

1    HAVE BEEN FILED?

2              MR. WILSON:  NO.  AND I ATTEMPTED TO

3    OUTLINE THIS IN MY DOCUMENTS, AND PERHAPS I WASN'T

4    CLEAR.

5              WHAT IT SHOULD HAVE TRIGGERED WAS AN

6    INQUIRY BY THE COURT WHERE WHAT WE ARE ASKING THE

7    COURT TO DO NOW IS TO DETERMINE THE OVERLAPPING

8    NATURE AND DETERMINE HOW RELATED THESE ACTIONS ARE

9    AND WHETHER, IN FACT, THEY SHOULD BE PROCEEDING

10   TOGETHER.

11             YOUR HONOR, WE HAVE BEEN DILIGENTLY

12   TRYING TO PROSECUTE AND TO PROTECT THE -- AN

13   INTEREST FOR A CLASS OF INDIVIDUALS THAT WERE A

14   SUBSET OF THIS CLASS THAT WERE BLOCKBUSTER USERS.

15             AND PLAINTIFFS' COUNSEL APPARENTLY

16   ALLOWED, I DON'T KNOW IF THEY DIDN'T SERVE

17   BLOCKBUSTER IF BLOCKBUSTER SAYS.

18             THERE WAS NO RETURN SERVICE FILED ON THE

19   DOCKET SHEET.  APPARENTLY THEY WERE CONTACTED BY

20   FACEBOOK AT THE VERY BEGINNING, AND THE ONLY REASON

21   I CAN ASSUME THAT THEY DIDN'T SERVE BLOCKBUSTER IN

22   THIS CASE BECAUSE THEY WERE ASSURED BY FACEBOOK

23   THAT FACEBOOK WAS GOING TO RESOLVE THIS ALL ON

24   BLOCKBUSTER'S BEHALF.

25             THE COURT:  THEY'RE MAKING AN AWFUL LOT

18

1    OF ASSUMPTIONS.

2              MR. WILSON:  THERE'S NOT REALLY ANY REAL

3    REASON -- YOUR HONOR, WHY WASN'T -- BLOCKBUSTER

4    HASN'T MOVED TO, FOR INSTANCE, DISMISS THIS ACTION

5    IN 120 DAYS AS THE RULES REQUIRE.

6              BLOCKBUSTER HAS NOT COMMITTED IN ANY WAY

7    AND ASSERTED ITS ARBITRATION RIGHTS, BUT YET THEY

8    HAVE CONSENTED TO PROCEED BEFORE THIS COURT.

9              THE COURT:  WHY WOULDN'T THEY?

10             MR. WILSON:  BECAUSE, YOUR HONOR, THE

11   PARTIES TO THIS ACTION ATTACH ON THEIR RIGHTS 14

12   MONTHS.  I'VE ARGUED TO THE DISTRICT COURT IN TEXAS

13   IN THE RECENT FILING EARLIER THIS WEEK THAT

14   BLOCKBUSTER HAS BEEN PURSUING INCONSISTENT

15   REMEDIES.

16             THEY HAVE ARGUED IN THE COURT IN TEXAS,

17   AND I OUTLINED THIS A LITTLE BIT IN MY BRIEF, THAT

18   ALL CLAIMS ARE SUBJECT TO ARBITRATION AND MUTUALLY

19   BINDING.

20             THE COURT:  RIGHT.

21             MR. WILSON:  WHEN THEY'RE SUED OVER HERE

22   AND IT LOOKS LIKE FACEBOOK MIGHT RESOLVE THE CASE

23   FOR THEM, THEY DON'T WANT TO ASSERT THAT.

24             BUT YET -- AND IF THEY HADN'T BEEN SERVED

25   AND HADN'T APPEARED THEN I GUESS THEY WOULD HAVE A

                                                    19

1    BETTER ARGUMENT BUT CONCEDING TO PROCEED BEFORE THE

2    MAGISTRATE JUDGE TAKING AN ACTIVE STEP, THEY WAIVE

3    THEIR CONSTITUTIONAL RIGHTS ON BEHALF OF THEIR

4    DEFENDANT SIX WEEKS AFTER A MEMORANDUM OF

5    UNDERSTANDING IS SIGNED BY THE PARTIES ON DECEMBER

6    9TH AS THEY OUTLINED STATING PRESUMABLY THAT

7    FACEBOOK IS GOING TO -- THEY SAID ALL SUBSTANTIVE

8    RELIEF IS DECIDED AT THAT TIME.

9            BLOCKBUSTER TAKES AN AFFIRMATIVE STEP,

10   THE ONLY THAT THEY DIDN'T CONSENT TO THE MAGISTRATE

11   JUDGE PROCEEDING IN TEXAS, THEY TOOK THAT ACTIVE

12   STEP BECAUSE THEY WANTED ALL OF THEIR CLAIMS

13   RESOLVED IN AN NONARBITRATABLE FORUM.

14           THE COURT:  LET'S ASSUME THAT THAT'S

15   CORRECT.  WHAT HAVE THEY DONE WRONG?

16           I MEAN, LET'S ASSUME THAT THEY HAVE

17   STRATEGIZED AS YOU SUGGESTED AND AGAIN THEY RISE OR

18   FALL, THE SETTLEMENT OF THE REPUTED CLASS WILL RISE

19   OR FALL IF I GIVE PRELIMINARY APPROVAL AT THE

20   FAIRNESS HEARING.

21           SO I'M NOT SUGGESTING THAT IT IS

22   APPROPRIATE FOR A PARTY TO DO SOME END RUN AROUND

23   THAT PROCESS, BUT THAT PROCESS WILL OCCUR.  AND TO

24   THE EXTENT THAT THERE ARE OBJECTIONS BY PUNITIVE

25   CLASS MEMBERS, THOSE WILL BE CONSIDERED.

20

1            BUT BLOCKBUSTER'S DECISION OR DECISION

2    NOT TO ACTIVELY PARTICIPATE IN ONE FORUM AND PURSUE

3    CERTAIN REMEDIES IN ANOTHER FORUM, IS THERE SOME

4    IMPROPRIETY IN THAT?

5            YOU'RE SUGGESTING THAT THERE IS.  IT MAY

6    BE THAT IT IS A STRATEGY THAT AT END OF THE DAY

7    DOESN'T WORK IF I DETERMINE THAT IT'S NOT AN

8    ADEQUATE SETTLEMENT HERE.

9            BUT YOU'RE SUGGESTING THAT IT'S

10   NEFARIOUS, AND THAT'S WHAT I'M NOT QUITE SURE I'M

11   FOLLOWING.

12           MR. WILSON:  THEY'RE TAP DANCING ON THEIR

13   OBLIGATIONS.

14           THE COURT:  A LOT OF PEOPLE TAP DANCE IN

15   COURTS AROUND THE COUNTRY.  AND THERE'S A POINT AT

16   WHICH THAT ACTIVITY MAY SAY, WELL, YOU'RE DOING

17   SOMETHING IMPROPER, BUT THERE'S ALSO A POSSIBILITY

18   THAT THEY'RE DOING SOMETHING, YOU KNOW, THAT

19   PROTECTS THEIR INTEREST.

20           I MEAN, WHERE IS THE LINE CROSSED HERE?

21           MR. WILSON:  ONE OF THE ARGUMENTS THAT WE

22   HAVE MADE IN THE TEXAS ACTION, YOUR HONOR, IS BY

23   TAKING THIS ACTIVE STEP IN THIS COURT THEY HAVE

24   WAIVED -- THEY HAVE ELECTED A RIGHT THAT IS

25   INCONSISTENT.  THEY HAVE ELECTED TO PROCEED IN AN

21

1      NONARBITRATATABLE FORUM.

2                THE COURT:  OKAY.

3                MR. WILSON:  AND THEY THEREBY WAIVE THEIR

4      RIGHT TO ARBITRATION.  THAT'S AN IMPORTANT DEFENSE

5      THAT BLOCKBUSTER WAS SUBMITTING, AND WE WOULD THINK

6      THAT WE HAVE CLEARED A VERY SIGNIFICANT HURDLE

7      BECAUSE OF THEIR ACTIONS IN THIS CASE.

8                WE THINK THAT THE BLOCKBUSTER DEFENDANTS

9      OR THE BLOCKBUSTER CLASS HERE HAS RIGHTS THAT ARE

10     FAR AND AWAY DIFFERENT THAN THE RIGHTS OF THE

11     REMAINDER OF THIS CLASS.

12               THE REAL MEAT OF THIS CASE AND THE REAL

13     REASON THAT FACEBOOK WANTS TO RESOLVE IT IS BECAUSE

14     OF VIDEO PRIVACY PROTECTION ACT CASES, YOUR HONOR.

15               I GOT A CALL FROM A PUBLIC INTEREST GROUP

16     IN WASHINGTON, D.C. LAST WEEK AND THEY'RE GOING TO

17     FILE AN AMICAS IN THE FIFTH CIRCUIT AND THEY WERE

18     URGING ME ON -- AND THIS GUY WORKED ON SENATOR

19     LEAHY'S STAFF AND THEY WERE PARTICULARLY CONCERNED

20     THAT BLOCKBUSTER WAS GOING --

21               THE COURT:  WELL, WHETHER OR NOT HE

22     WORKED ON SENATOR LEAHY'S STAFF DOESN'T --

23               MR. WILSON:  I UNDERSTAND THAT.  HE

24     ASSISTED IN THE DRAFTING OF THE STATUTE, YOUR

25     HONOR.  AND SO HE WAS VERY FAMILIAR WITH THE TERMS

                                                    22

1    OF THE STATUTE.  AND THEY WANTED TO FILE AMICAS IN

2    THE FIFTH CIRCUIT BECAUSE THEY DON'T WANT THAT

3    ARBITRATION AGREEMENT TO STAND BETWEEN BLOCKBUSTER

4    AND THE CLASS GETTING RELIEF ON BLOCKBUSTER'S

5    BEHALF.

6          AND SO WE THINK THAT THAT ARBITRATION

7    DEFENSE AND THE WAY BLOCKBUSTER HAS BEEN ACTING

8    OVER HERE ARE VERY IMPORTANT SUBISSUES OF THIS

9    CLASS THAT NEED TO BE DECIDED.

10         THE COURT:  DOESN'T THIS ALL BOIL DOWN TO

11   YOUR ARGUMENT THAT BECAUSE OF THE CLAIMS OF THE

12   BLOCKBUSTER PUNITIVE CLASS MEMBERS UNDER THE VPPA

13   THAT THERE'S NOT SUFFICIENT TYPICALITY IN THIS

14   CIRCUMSTANCE?

15         MR. WILSON:  YES.

16         THE COURT:  WELL, THAT ARGUMENT CAN BE

17   PRESENTED TO ME IN MY -- IN THIS CASE THAT THERE IS

18   ABSENCE OF TYPICALITY BECAUSE THERE ARE TYPICAL

19   UNIQUE RIGHTS, PERHAPS MORE UNDER YOUR THEORY, MORE

20   VALUABLE RIGHTS THAT THIS BLOCKBUSTER SUBCLASS MAY

21   HAVE.

22         WELL, IT'S CERTAINLY SOMETHING I CAN

23   EXPLORE, BUT THAT DOESN'T MEAN THAT YOU SHOULD BE

24   ACCORDED THE RIGHT TO INTERVENE WITH THE ULTIMATE

25   GOAL OF STOPPING THESE PROCEEDINGS AND HAVE

23

1    EVERYTHING SHIFT TO TEXAS, WHICH IS ULTIMATELY WHAT

2    YOU WANT AND YOU HAVE BEEN CANDID WITH ME IN TERMS

3    OF HOW YOU HAVE PRESENTED THE REASON, IF YOU WILL,

4    THAT YOU THINK YOU SHOULD INTERVENE.

5              AND THAT IS WHERE I DON'T SEE YOU HAVE A

6    RIGHT TO GO OUT THERE.

7              MR. WILSON:  YOUR HONOR, THERE ARE

8    ACTUALLY CIRCUIT COURT OPINIONS DECIDED ON IN THE

9    SEVENTH CIRCUIT THAT SAYS THAT AS A GENERAL RULE WE

10   SHOULD BE ALLOWED TO INTERVENE IN AN ACTION AND

11   PRESENT OUR RIGHTS.  WE'RE IN A UNIQUE POSITION

12   HERE.

13             THE COURT:  YES, BUT YOU'RE TALKING ABOUT

14   MORE THAN INTERVENE AND PRESENT YOUR RIGHTS.

15             YOU'VE TOLD ME YOU'RE SEEKING TO

16   INTERVENE, YOU'RE SEEKING ON SOME BASIS, WHICH IS

17   NOT ENTIRELY CLEAR TO ME, MOVE TO TRANSFER THIS

18   CASE OUT OF THIS COURT AND INTO A FEDERAL COURT IN

19   TEXAS, WHICH ALSO WHAT YOU'RE INDICATING TO ME

20   CURRENTLY HAS BEFORE IT BUT A SUBSET OF THIS CASE

21   BECAUSE THAT'S ONE OF YOUR ARGUMENTS.

22             YOU'RE SAYING THIS IS A SMALL DISCRETE,

23   NOT SMALL NECESSARILY, BUT A DISCRETE SUBSET OF

24   WHAT IS IN FRONT OF ME BUT EVERYTHING SHOULD GO TO

25   TEXAS.

                                                        24

1          WELL, I DON'T QUITE UNDERSTAND THAT.  I

2     MEAN, PRESUMABLY THERE ARE PUNITIVE MEMBERS OF THE

3     CLASS THAT ARE NOT BLOCKBUSTER FOLKS.

4          MR. WILSON:  YES.

5          THE COURT:  WHY SHOULD THEY GO TO TEXAS?

6     WHY SHOULD THEIR CLAIMS BE LITIGATED IN A TEXAS

7     DISTRICT COURT?

8          MR. WILSON:  BECAUSE, YOUR HONOR, AS THE

9     FIRST COURT TO ACQUIRE SUBJECT MATTER JURISDICTION

10    OVER THIS ACTION, THE TEXAS COURT SHOULD BE, UNDER

11    THE PRINCIPLES WE SUBMITTED TO THE COURT, SHOULD BE

12    THE FIRST COURT TO GET TO RESOLVE THIS DISPUTE.

13         THE COURT:  BUT UNDER YOUR THEORY ONLY

14    GOT THE BLOCKBUSTER CASE, RIGHT?

15         MR. WILSON:  THAT'S CORRECT, YOUR HONOR,

16    ALTHOUGH WE'RE ALSO FILING A CLAIM AGAINST FACEBOOK

17    NOW THAT WE'RE AWARE THAT FACEBOOK IS MOVING TO

18    INDEMNIFY, AND WE HAVE MOVED TO CONSOLIDATE THOSE

19    ACTIONS.

20         THE COURT:  WELL, THOSE THEN ARE NOT THE

21    THE FIRST FILED CLAIMS UNDER THE BLOCKBUSTER CASE

22    WERE FILED HERE.

23         MR. WILSON:  WELL, ACTUALLY, YOUR HONOR,

24    WHAT THE CASE LAW SAYS IS THAT IF THEY'RE

25    CONSOLIDATED INTO THE TEXAS ACTION.  IT DOESN'T

                                              25

1          MATTER HOW OR WHEN THE PARTIES GOT TO BE APART OF

2          THAT ACTION.  IT WAS THE FIRST COURT TO GET SUBJECT

3          MATTER JURISDICTION OVER THE ACTION.

4                    THE COURT:  OKAY.

5                    MR. WILSON:  BUT, YOUR HONOR, IF I MIGHT?

6                    THE COURT:  YES.

7                    MR. WILSON:  I CAN TELL THAT YOU'RE

8          RELUCTANT ABOUT THE TRANSFERS, AND I'M NOT

9          ABANDONING THAT REQUEST.  WE WOULD LIKE THE CHANCE,

10         IF WE CAN INTERVENE, TO PRESENT FURTHER BRIEFING ON

11         THAT IF WE'RE ALLOWED TO BE PART OF THIS ACTION.

12                   AND I'M IN NO MEANS ABANDONING THAT, BUT

13         THE ALTERNATIVE ARGUMENT I MADE IS THAT BECAUSE

14         WE'RE IN A UNIQUE POSITION OF HAVING -- OF

15         REPRESENTING THIS BLOCKBUSTER CLASS MEMBERS, WE

16         WOULD ALSO LIKE TO PRESENT ARGUMENTS TO YOU, EITHER

17         HERE TODAY, OR THROUGH -- WE HAVE ACTUALLY ASKED

18         FOR A BRIEFING SCHEDULE TO ALLOW US TO DO IT.

19                   BECAUSE THERE'S REALLY NO PREJUDICE OF

20         WAITING AND ALLOWING THAT BRIEFING TO CONSIDER WHAT

21         WE'RE GOING TO SAY ON IT, BUT I THINK I CAN ADDRESS

22         A LOT OF THEM TODAY AS WELL BUT WITHOUT THE

23         DETAILED BRIEFING.

24                   I DIDN'T WANT TO BOMBARD THE COURT WITH,

25         YOU KNOW, PAGES AND PAGES OF BRIEFING UNTIL I KNEW

26

1    IF YOU WERE GOING TO BE WILLING TO HEAR ABOUT IT.

2            THE COURT:  WELL, WHAT BEYOND WHAT YOU

3    HAVE PRESENTED TO ME IS IT THAT YOU WANT TO

4    PRESENT?

5            MR. WILSON:  I'D LIKE TO PRESENT, YOUR

6    HONOR, THE FACT THAT THIS IS A FEDERAL REGULATORY

7    STATUTE.  AND ALLOWING A PLAINTIFF -- ALLOWING A

8    PERSON WHO GOES TO -- IF I COULD GIVE YOU A VERY

9    BRIEF EXAMPLE.

10            I'M A LAWYER.  IF SOMEONE APPROACHES ME

11    AND SAYS YOU HAVE THIS CLIENT AND YOU HAVE PICTURES

12    OF HER THAT ARE IN A COMPROMISING POSITION AND WE

13    WOULD LIKE TO BUY THOSE PICTURES FROM YOU.

14            AND I SAY, NO, I CAN'T DO THAT.  ONE, I

15    HAVE CONFIDENTIALITY PROBLEMS, BUT, TWO, SHE WILL

16    SUE ME FOR GIVING THAT INFORMATION AND I CAN'T

17    DISCLOSE THAT INFORMATION.

18            AND THEY SAY, DON'T WORRY, WE'LL PAY YOU

19    FOR ANY DAMAGES THAT MIGHT OCCUR AS A RESULT OF

20    THAT DISCLOSURE.  I SAY, WELL, I'M COVERED, GREAT,

21    NO PROBLEM.  HERE YOU GO.

22            THE LAW DOES NOT ALLOW WHEN I'M SUED BY A

23    CLIENT, IT DOES NOT ALLOW ME TO STEP IN AND SAY,

24    YOU PROMISED TO INDEMNIFY ME, COME OVER HERE FOR A

25    COUPLE OF DIFFERENT REASONS:  ONE, BECAUSE IT

27

1    ENCOURAGES WRONGDOING, AND THAT'S EXACTLY WHAT IS

2    GOING ON HERE, YOUR HONOR.

3              THE COURT:  WELL, THAT'S, AGAIN, THAT

4    IS -- YOU ARE LOOKING AT VARIOUS PROCEDURAL THINGS

5    THAT HAVE GONE ON, AND YOU'RE ASSUMING FROM THAT

6    ACTIVITY THAT THERE IS SOME ARRANGEMENT OR DEAL --

7    I TAKE IT THIS INDEMNITY ISSUE IS THAT YOU WERE

8    ASSERTING THAT THERE HAS BEEN SOME DEAL BETWEEN

9    FACEBOOK AND BLOCKBUSTER TO -- FOR FACEBOOK TO

10   INDEMNIFY BLOCKBUSTER; RIGHT?

11             MR. WILSON:  YES, YOUR HONOR.

12             THE COURT:  WELL, DO WE HAVE ANY -- I

13   MEAN, THAT'S A BIG ASSUMPTION.  I.

14             MR. WILSON:  BASICALLY I'VE BEEN ALL BUT

15   TOLD THAT, YOUR HONOR, THROUGH CONVERSATIONS.

16             THE COURT:  ALL BUT TOLD THAT IS KIND OF

17   A TOUGH, YOU KNOW, BASIS FOR ME TO -- A DIFFICULT

18   BASIS FOR YOU TO ARGUE THAT I SHOULD ADMIT THAT AND

19   TO GIVE IT ANY CREDENCE AT ALL.

20             MR. WILSON:  YOUR HONOR, I HAVE BEEN ALL

21   BUT TOLD THAT BY PLAINTIFF'S COUNSEL IN THIS CASE.

22             THE COURT:  WELL, YOU KNOW, I'M VERY

23   TROUBLED BY PRESENTATIONS THAT ARE SO AND SO TOLD

24   ME THIS.  AND I THINK YOU CAN UNDERSTAND WHY I

25   CAN'T OPERATE ON THE BASIS OF THAT KIND OF A

28

 1    PRESENTATION.  IT HAS TO BE IN A DECLARATION.  IT

 2    HAS TO BE OTHERWISE ADMISSIBLE.

 3          I MEAN, I CAN'T JUST HAVE LAWYERS START

 4    TO TELL ME, WELL, HE TOLD ME THIS.  I MEAN,

 5    THERE'S -- WE HAVE RULES IN THIS COURT.

 6          MR. WILSON:  WHAT YOU CAN DO, THOUGH,

 7    YOUR HONOR, IN ACCORDANCE WITH THE PROCEDURE THAT

 8    YOU WOULD BE EMPLOYING TODAY OF APPROVING THE

 9    SETTLEMENT IS TO MAKE THAT INQUIRY.

10          YOU HAVE TO SHOW -- YOU HAVE TO FIND THAT

11    THIS WAS WITHIN THE THRESHOLD OF PERMISSIBLE

12    SETTLEMENT IN ORDER TO EVEN CONDITIONALLY CERTIFY

13    THIS CLASS.  YOU HAVE TO FIND THAT THESE OTHER

14    REQUIREMENTS OF RULE 23 ARE MET.

15          AND WE WOULD SUBMIT THAT THE ABSENCE OF

16    THAT, IT'S A CRITICAL FACTOR, YOUR HONOR, BECAUSE

17    BY ALL APPEARANCES IT CERTAINLY APPEARS TO BE THAT

18    THAT'S WHAT IS BEING DONE HERE.

19          FACEBOOK IS NOT ACTING THROUGH ALTRUISTIC

20    MOTORS.  THEY HAVE NOT DECIDED, GEE, WE WANT TO

21    SETTLE OUR LIABILITY, AND WE DON'T THINK ANYONE

22    ELSE OUGHT TO HAVE TO INCUR ANY LIABILITY EITHER.

23          THE COURT:  WELL, IF WE'RE OPERATING IN

24    THE WORLD OF ASSUMPTIONS, IT'S VERY TYPICAL FOR A

25    PARTY THAT HAS THE POTENTIAL FOR BEING BROUGHT INTO

                                                    29

1    A CASE THAT IT'S TRYING TO SETTLE BY WAY OF A THIRD

2    PARTY, IF THAT THIRD PARTY GETS SUED, IT'S IN THE

3    SETTLING PARTY'S INTEREST TO TAKE CARE OF THAT.

4    NOT BECAUSE THEY'RE NICE TO THE OTHER PARTY OR

5    THEY'RE NOT ALTRUISTIC OR WHAT HAVE YOU, IT'S

6    BECAUSE THEY DON'T WANT TO SETTLE A CASE AND THEN

7    GET BROUGHT IN AGAIN WHEN THE THIRD PARTY GETS

8    SUED.

9         SO TO THE EXTENT THAT YOU SUGGEST THAT I

10    SHOULD BE CONCERNED THAT A SETTLING PARTY IS BY

11    VIRTUE OF THAT SETTLEMENT IS ALSO TRYING TO TAKE

12    CARE OF SOME CONTINGENT EXPOSURE, THAT HAPPENS

13    EVERY DAY AND THERE'S NOTHING WRONG WITH THAT.

14         AND IT IS ALSO NOT A REFLECTION OF THE

15    SETTLING PARTY HAVING SOME, THAT I HAVE TO SAY,

16    WELL, THEY MUST -- YOU KNOW, THERE'S SOMETHING THAT

17    IS SIGNIFICANTLY WRONG HERE WHEN A PARTY IS DOING

18    SOMETHING THAT IS GOING TO BENEFIT ANOTHER PARTY,

19    THERE MUST BE SOMETHING CURIOUS THERE.

20         BASICALLY IT WOULD BE THAT THEY'RE

21    PROTECTING THEIR OWN INTEREST BECAUSE THEY DON'T

22    WANT TO GET WALLOPED AFTER THEY SETTLE THE CASE.

23         MR. WILSON:  ONE OF THE ALLEGATIONS IN

24    THIS CASE, WAS THAT BLOCKBUSTER AND FACEBOOK HAD A

25    CIVIL CONSPIRACY TO VIOLATE THE VIDEO PROTECTION

30